# Etheridge v. The State.

## Indictment for Murder.

1. *Murder in the second degree; sufficiency of indictment.*—An indictment which charges that the defendant "unlawfully and with malice, but without deliberation or premeditation, killed" a certain designated person, is bad, as charging murder in the second degree, and subject to demurrer; the omission of the word "aforethought" after malice rendering the indictment objectionable and insufficient.

2. *Homicide; charge as to burden of proof.*—On a trial under an indictment for murder, a charge requested by the defendant is properly refused as being misleading which instructs the jury that "The burden of proof is upon the State to prove to the jury from the evidence beyond a reasonable doubt that the defendant was not free from fault in bringing on the difficulty, before the defendant will be precluded from invoking the doctrine of self-defense."

APPEAL from the Circuit Court of Bullock.
Tried before the Hon. A. A. EVANS.
The appellant in this case, Alex Etheridge, was tried

[Etheridge v. The State.]

and convicted of manslaughter in the first degree, under an indictment which was in words and figures as follows: "The grand jury of said county charge that before the finding of this indictment, Alex Etheridge, unlawfully and with malice, but without deliberation or premeditation, killed Lewis Calhoun by cutting him with a knife, against the peace and dignity of the State of Alabama." To this indictment defendant demurred upon the ground that it fails to charge any offense known to the laws of Alabama, and that it fails to charge that defendant killed Lewis Calhoun with malice aforethought. This demurrer was overruled.

Under the opinion on the present appeal, it is unnecessary to set out the facts in detail. The defendant requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give said charge as asked: "The burden of proof is upon the State to prove to the jury from the evidence beyond a reasonable doubt that the defendant was not free from fault in bringing on the difficulty before the defendant will be precluded from invoking the doctrine of self-defense."

ERNEST L. BLUE, for appellant.—The charge which was requested by the defendant, and which the court refused, asserted a correct principle of law, and should have been given.—*Holmes v. State,* 10 Ala. 80; *Dent v. State,* 105 Ala.; *Henson v. State,* 112 Ala. 41; 1 *Mayfield, Dig.* § 16, pp. 810 and 811.

MASSEY WILSON, Attorney-General for the State.

DOWDELL, J.—The malice which is an essential element in the offense of murder has always been described as "malice aforethought." It is descriptive of the state of the mind of the slayer preceding and at the instant of the unlawful act of the killing. Although, for the existence of the malice no definite or appreciable space of time in law is required to be shown, yet it must be "aforethought"; that is, it must be related to

the unlawful act, in the nature of cause and effect. In *Ward's Case*, 96 Ala. 100, where it was held that the indictment was unobjectionable as charging murder in the second degree, the averment in the indictment was that the killing was done "unlawfully and with malice aforethought, but without deliberation or premeditation," etc. In the case before us, the indictment omits the word *aforethought* after malice. No special form for indictment for murder in the second degree is prescribed in our Code forms; but the one given for murder in the first degree, (Criminal Code, page 333, form No. 63), in describing the malice required to be averred, describes it as *malice aforethought*. It would hardly be contended in an indictment for murder in the first degree, that the omission of the qualifying word *aforethought* after the word malice, would not be a material omission, constituting a fatal variance from the prescribed form in the Code.—*Griffith v. State*, 90 Ala. 583. And if this be true, it would logically follow that such omission in an indictment for murder in the second degree would be equally as fatal to the validity of the indictment, since the only distinguishing feature between an indictment in Code form for murder in the first degree, and an indictment for murder in the second degree, such as was held sufficient in *Ward's Case, supra,* is the additional averment in the latter negativing deliberation and premeditation—essential elements under our statutes for murder in the first degree. We think the omission rendered the indictment objectionable, and the demurrer should have been sustained. See 2 Bishop's New Criminal Procedure, §§ 562-4.

There was evidence on the part of the defendant tending to show that the defendant acted in self-defense. The written charge requested by the defendant and which the court refused, correctly stated the law as to the burden of proof, and, in the opinion of the writer of this opinion, this was all it purported to do, and when referred to the evidence in the case, was a proper charge and should have been given.—*Gibson v. State*, 89 Ala. 121. The other members of the court, however, hold that the charge was misleading, and for this reason was properly refused.

There were several exceptions reserved to the rulings
of the court below on the introduction of the evidence,
but we deem it unnecesary to discuss these exceptions,
further than to say we have examined them and consid-
er them without merit.

For the error pointed out, the judgment must be re-
versed and the cause remanded.

Reversed and remanded.