# Layton *v.* Campbell.

## *Partition.*

(Decided May 21, 1908.   48 South. 775.)

1. *Partition; Jurisdiction of Probate Court; Adverse Claim of Title.*—In partition proceedings in the probate court, under section 3176, Code 1896, (Sec 5220, Code 1907), if an adverse claim or title is asserted in good faith, the probate court is without jurisdiction to proceed to partition, unless it is clear that such asserted title or claimant has neither actual possession, claiming adversely, nor title superior to that of petitioner; if it is clear that the adverse claimant has neither such adverse possession nor superior title, the probate court has jurisdiction notwithstanding the good faith of the adverse claim

2. *Tenancy in Common; Adverse Possession; Character of.*—Possession and acts of ownership over land by one tenant in common will be referred to the common title and of itself will not be considered adverse to the other claimant; but where a repudiation of the title of the other co-tenant by one of the co-tenants appears of which the other co-tenants have notice, or are chargeable with notice, then the possession will be adverse where the other necessary elements appear.

3. *Same; Purchase of Claimant's Title; Evidence.*—Where the respondent in petition offered evidence to show that he had bought the interest of petitioner's grantor, a co-tenant of respondent, it was proper to permit petitioner and his grantor to be cross examined for the purpose of showing that the petitioner paid nothing of value

[Layton v. Campbell.]

for his conveyance from his grantor, as tending to support defendant's claim that he had bought the interest of the co-tenant, petitioner's grantor, and claimed to be in the exclusive and adverse possession of the property.

4. *Evidence; Opinion Evidence.*—The proper practice is for a witness to state the circumstances relied upon by him to show the knowledge of another of certain facts, and hence it is improper to permit a witness to state whether petitioner knew of defendant's adverse claim to the property sought to be partitioned.

5. *Partition; Pleading; Matters to be Proved; Surplusage.*—The allegation, in a petition for partition, of the circumstances attending the execution of a deed in the common chain of title, is surplusage and need not be proven; hence, it was not error to exclude such evidence.

APPEAL from Henry Probate Court.

Heard before Hon. DAN GORDON.

Partition by George L. Campbell against J. F. Layton. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

WILLIAM C. OATES, and P. A. McDANIEL, for appellant. An adverse claim is sufficient to oust the jurisdiction of the probate court in partition proceedings.—Section 3178, Code 1896; *Hillans v. Brinsfield,* 108 Ala. 105; *Mitchell v. Mitchell,* 101 Ala. 183; *Goree v. Dickerson,* 89 Ala. 363; *Dial v. Reynolds,* 96 U. S. 340. Neither Layton nor Campbell were ever in possession of the land.—*Parks v. Bennett,* 104 Ala. 438; *Craft v. Thornton,* 125 Ala. 391; *Davis v. Curry,* 85 Ala. 133; *Humes v. Barrantine,* 72 Ala. 546.

W. L. LEE, for appellee. The possession of one tenant in common is referred to the common title and is the possession of all.—*Sibly v. Alba,* 95 Ala. 191; *Stevenson v. Anderson,* 87 Ala. 228; *John v. John,* 93 Ala. 239; *Donough v. Quarterman,* 90 Ala. 164; *Inglish v. Webb,* 117 Ala. 387. The statute contemplates an actual adverse possession by respondent under a claim of exclusive ownership against the petitioner—a bona fide claim or

assertion of adverse interest.—*Hillans v. Brinsfield,* 108 Ala. 605; s. c. 113 Ala. 304; *Thompson v. Thompson,* 107 Ala. 633; *Sherrer v. Garrison,* 111 Ala. 228; *Brown v. Hunter,* 121 Ala. 210.

HARALSON, J.—This proceeding was begun by petition of appellee (Campbell) to the probate court of Henry county, to have the lands described in the petition partitioned between himself and appellant (Layton) pursuant to sections ·3161, and following, of the Civil Code of 1896. The petition alleged that appellee and appellant were tenants in common of the lands, and that each was the owner of an undivided one-half interest therein. Appellant answered the petition, denying tenancy in common, asserting entire title in himself, and averring that when the petition was filed, and when the conveyance under which appellee claims an undivided half interest in the land, was executed, he was in the actual possession of the land, claiming it adversely to appellee and appellee's grantor. The case was tried by the lower court upon the issues thus presented. It was decreed that the parties were tenants in common, and a partition ordered accordingly. From this decree the appeal is taken.

The action of the court in excluding the testimony hereafter noticed, the rendition of the decree granting the relief prayed for in the petition, and the refusal of the court to dismiss the petition for want of jurisdiction, are severally assigned as error.

The statute which confers upon the probate court jurisdiction to partition lands among tenants in common provides that "no division or partition can be made under this article, when an adverse claim or title is asserted by anyone or brought to the knowledge  *  *  *  of the judge of probate."—Civ. Code 1896, § 3176; Civ.

[Layton v. Campbell.]

Code 1907, § 5220. It has been decided by this court, construing this section of the Code, that the bare assertion of an unsupported claim of adverse possession or hostile title, would not oust the jurisdiction of the probate court; but to have that effect there must be a bona fide assertion of an adverse claim as a true, existing status. In *Ballard v. Johns*, 80 Ala. 32, 35, Mr. Justice Somerville, speaking for the court, says:

"A false or unsupported assertion of adverse claim or possession, by a defendant, is not sufficient. There is required a bona fide assertion of such fact, as a true existing status, as distinguished from a bare denial of complainants' title. This the court must investigate, with the view of inquiring whether it is well or ill founded. If it is clear that there has been in reality no such adverse possession, as to have constituted a disseizen or ouster of the petitioner—destroying the holding together of the joint owners—and that the complainant's title is good, or, that the court can entertain, on the facts presented, no serious doubts as to such title, it may proceed to hear the application. If this were not so, as has been well said, this jurisdiction would be placed 'at the mercy of every profligate or unconscientious defendant, and render the court the mere ministerial agent to carry into effect the wishes of parties in cases where there were no matters of controversy between them.'—*Overton v. Woolfolk*, 6 Dana (Ky.) 374; Freeman on Co-tenancy and Partition, §§ 502, 147; Trial of Title to Land (Sedgw. & Waite) § 167; *Fennell v. Tucker*, 49 Ala. 453, 458; *McMath v. DeBardclaben*, 75 Ala. 68; *Deloney v. Walker*, 9 Port. 497; *Straughan v. Wright*, 4 Rand. (Va.) 493; Code 1876, §§ 3512, 3893; *Guilford v. Madden*, 45 Ala. 290."

So much of this decision as holds that the portions of the statute applicable to partition in kind are equally

[Layton v. Campbell.]

applicable to proceedings for the sale of property for division, has been overruled (*Hillens v. Brinsfield*, 108 Ala. 605, 18 South. 604); but its soundness in respect of the question under consideration has never been doubted. If appellant's "adverse claim or title" was asserted in good faith, the probate court was without jurisdiction to proceed to partition the property, unless it was clear that appellant had neither actual possession of the property, claiming it adversely to appellee, nor title superior to that of appellee; but if it was clear that he had neither such adverse possession nor superior title, the probate court had jurisdiction, notwithstanding the good faith of the asserted adverse claim.

The possession of land by one tenant in common, and the exercise of acts of ownership by him will be referred to the common title, and will not, without more, be considered adverse to the other co-tenant; but if it appears that he has repudiated the title of his co-tenant, of which the latter has notice, or is chargeable with notice, then the possession (all of the other necessary elements being present) will be adverse.—*Johns v. Johns,* 93 Ala. 239, 9 South. 419, and cases there cited.

Appellant offered evidence tending to show that he had bought the interest of appellee's grantor, had paid the purchase price, and had been let into the exclusive possession before the conveyance from the latter to appellee. Appellee testified in his own behalf, and introduced one J. J. Layton, his grantor, as a witness. Upon cross-examination of both of these witnesses by appellant, they were asked questions seeking to show that nothing of value was paid by appellee for his conveyance from J. J. Layton, but that there was an understanding between them whereby the litigation should be conducted in the name of appellee, and the fruits of the recovery shared between them. The court sustained objection to

[Layton v. Campbell.]

the questions. In this we think there was error. The evidence, if true, tended to support appellant's contention that he had bought the interest of his co-tenant, and claimed to be in the exclusive and adverse possession of the land.

J. J. Layton was also asked, on cross-examination, if appellee did not know that appellant claimed to own the entire land at the time the witness conveyed to appellee. The court properly sustained an objection to this question. A witness cannot testify that a certain person knew a given fact. The proper practice is for the witness to state the circumstances relied upon to show his knowledge.—*Bailey v. State,* 107 Ala. 151, 153, 18 South. 234.

There was no error in excluding the testimony of appellant showing the circumstances attending the execution of the deed to J. F. and J. J. Layton, and their possession under it. While these facts are set up in the answer, the averment of them is surplusage, since they can mean no more than that the estate was conveyed to said J. F. and J. J. Layton, a fact also averred and conclusively proved by the introduction of the deed to them, under which they both claimed.

Although we are authorized to render such decree as the probate court should have rendered (Civ. Code 1896, § 467), we prefer to express no opinion upon the weight of the evidence, but reverse the judgment and remand the cause for the error pointed out. What we have said above will be a sufficient guide for the lower court upon another trial.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.