# Crumpton *v.* The State.

## *Murder.*

(Decided May 19, 1910.    52 South. 605.)

1. *Homicide; Evidence.*—Where there was no evidence tending to show nor any offer to prove that the defendant knew of the deceased having obtained a pistol from a third person on the day before the killing, evidence that the deceased obtained such a weapon from such third person is not admissible.

2. *Same; Threats.*—Where it is doubtful as to who commenced the affray and obscurity in the testimony as to the conduct of the parties immediately preceding and at the time of the difficulty, evidence of uncommunicated threats made by the deceased become admissible in a homicide case for the purpose of shedding light as to who was the aggressor.

3. *Same.*—Clothes worn by the deceased at the time of the fatal difficulty are admissible in evidence.

4. *Appeal and Error; Harmless Error; Evidence.*—The fact that the deceased had been a marshal was harmless to the defendant, and it was harmless error to sustain objection to questions as to certain protests against the deceased being a marshal.

5. *Evidence; Hearsay.*—Protests of other citizens against a person being made a marshal, is in the mouth of a witness not a protestant, hearsay evidence.

6. *Same; Motive.*—One testifying cannot state his or another's motives for doing a particular act.

7. *Homicide; Instructions; Self Defense.*—A charge asserting that the defendant did not provoke or bring on the difficulty, and that if deceased turned toward him and put his right hand in his hip pocket so as to indicate to a reasonable man his purpose to draw a weapon and use it, the defendant was authorized to anticipate him and shoot first, not only invaded the province of the jury but was otherwise bad.

8. *Same; Burden of Proof.*—A charge asserting that the burden was on the state to show that defendant was at fault in bringing on or provoking the difficulty, and to show that such was the case beyond a reasonable doubt, was properly refused as misleading in not stating the conditions on which the burden was on the state to prove freedom from fault.

9. *Same.*—A charge asserting that in order to convict the state must prove that there was no reasonable means of escape for the defendant, is properly refused.

10. *Same.*—Charges on apparent danger are properly refused if they fail to hypothesize the fact as a fact that defendant did believe that he was in imminent danger of death or great bodily harm.

[Crumpton v. The State.]

11. *Same.*—A charge asserting that if the defendant shot in self defense as defined by the court, he did not kill deceased voluntarily in the sense used in the code in defining murder, and the jury should acquit, is properly refused.

12. *Same.*—A charge on self defense which fails to hypothesize all the elements thereof is properly refused.

13. *Charge of Court; Reasonable Doubt.*—A charge to acquit the defendant unless the evidence "should be such as to exclude to a moral certainty" every hypothesis but that of his guilt, is properly refused since the question never is what the evidence should be, but what it is, and the hypothesis authorizing an acquittal must be reasonable.

14. *Same; Faulty in Form.*—A charge asserting that if there is a reasonable doubt that the defendant was free from fault in bringing on the difficulty, and that deceased made demonstrations which were calculated to lead a reasonably prudent man to the belief, is incomplete and states no proposition.

15. *Same; Effect of Conviction.*—Juries are to try and determine the causes according to the facts and the law, and not according to their opinion as to whether public peace and good order will be promoted by a conviction, and hence, a charge which permits the jury to consider the effect of a conviction in this respect, is properly refused.

16. *Same; Covered by Those Given.*—It is not error to refuse charges substantially covered by charges given.

17. *Same; Argumentative Instructions.*—Charges which are argumentative are always properly refused, such as charges 9 and 10 in this case.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

From a conviction of manslaughter Mal Crumption appeals. Reversed and remanded.

The exceptions to evidence sufficiently appear in the opinion. The following charges were refused to the defendant: (1) "The court charges the jury that the defendant did not provoke or bring on the difficulty, and that if the deceased turned towards the defendant, and put his right hand in his hip pocket in such a manner as to indicate to a reasonable man that his purpose was to draw a weapon and use it, the defendant was authorized to anticipate him and shoot first." (2) "The court charges you that the burden was on the state to show that the defendant was in fault in bringing on

·or provoking the difficulty." (3) "The court charges you that the burden is on the state to show beyond a reasonable doubt that the defendant was in fault in bringing on or provoking the difficulty." (4) "The ·court charges you that the burden is on the state to establish beyond a reasonable doubt that there was no reasonable means of escape open to defendant without increasing his peril, if you believe from the evidence that he was free from fault in bringing on or provoking the difficulty, and that it reasonably appeared nec·essary to the defendant to shoot at that time to save himself from death or great bodily harm." (5) "The court charges the jury that no theories, however fine, ·should persuade them to find the defendant guilty, unless the evidence in this case is so strong would cause the conscience of mankind to respond to it." (6) "The ·danger that will excuse one for killing another need not be real or actual. It may now be known that all the appearances of danger were false, and that Odom never intended to do the defendant any harm, and that he ·did not even have a pistol; yet, if the jury believe from all the evidence in this case that the appearance of danger surrounding the defendant at the time was such as to produce a reasonable belief in the mind of a reasonable man that his life was in danger, or that he was about to suffer great bodily harm, and that there were no ·other reasonable means at the time open to defend·ant to avoid the danger, but by taking Odom's life, defendant being without fault at the time, the law holds him harmless, and the jury must acquit him, whether in fact Odom had a pistol or not." (8) "The court ·charges the jury that if the defendant did not provoke ·or encourage the difficulty, but approached the deceased in an orderly and peaceful manner, and deceased turn·ed towards the defendant and placed his hands behind

him or in his hip pocket in such a manner as to indicate to a reasonable man that his purpose was to draw a pistol and fire, the defendant was authorized to anticipate him, and draw a pistol and fire and shoot him, if there was no reasonable means of escape without increasing his peril, and the rule in such cases would not be varied if it should turn out that the deceased was in fact unarmed, as the law of self-defense does not require the defendant to wait until the weapon is presented ready for deadly execution." (9) "The court charges the jury that in the criminal department, the same as in the civil, our law and its enforcement are ordained to produce practical results, not to vindicate theories of right." (10) "The court charges the jury that, in determining whether or not the defendant is guilty of the offense charged in the indictment, they are not simply to look at the morals of the act, or even at its practical enormity; but they are to consider whether or not to punish the defendant will as a judicial rule promote on the whole the public peace and good order." (11) "The court charges you, gentlemen of the jury, if there is a reasonable doubt that the defendant was free from fault in bringing on the difficulty, that Odom made demonstrations which were calculated to lead a reasonably prudent man to the belief." (12) General affirmative charge. (13) "The court charges you, gentlemen of the jury, that the danger which will justify the taking of human life need not be actual; but it is sufficient if there is actual apparent danger at the time the shooting took place." (14) "I charge you, gentlemen of the jury, that if the defendant shot the deceased in self-defense, as defined to you by the court, then he did not kill him voluntarily, in the sense used in the Code in defining murder, and you should acquit." (16) "The court charges you, gentlemen of the jury, that you

should find the defendant not guilty, unless the evidence against him should be such as to exclude to a moral certainty every hypothesis but that of his guilt." (15) "The court charges the jury that the policy of the law is that no man should suffer the punishment unless he deserved it in pure retributive justice, aside from all collateral consideration, unless presumably it will con-tribute to the public good." (17) "That there was actual or apparent danger, which was calculated to produce death or great bodily harm, and that the defendant shot in pursuance to the danger, and had no reasonable means of escape without increasing his peril, that is, apparent means of escape, which would lead a reasonable man to the belief that he could safely escape without increasing his peril, then, gentlemen of the jury, you cannot convict the defendant of any offense, and you should acquit him."

LEITH & GUNN, BANKHEAD & BANKHEAD, ACUFF & COONER, and L. D. GRAY, for appellant. The court should have permitted it to be shown that on the day before the difficulty deceased procured a pistol from Mr. Green.—*Wiley v. The State*, 99 Ala. 146; *Linnehan v. The State,* 113 Ala. 83; *Naugher v. The State*, 116 Ala. 466. The court erred in refusing to permit threats to be shown.—*Roberts v. The State,* 68 Ala. 156; *Linnehan v. The State, supra; Wilson v. The State,* 140 Ala. 50. The court erred in refusing charge 1.—*DeArmon v. The State,* 71 Ala. 351. The court erred in refusing charge 8.—*Kennedy's Case,* 140 Ala. 1. The court erred in refusing charge 13.—Authorities supra. The court erred in refusing charge F.—*Gibson v. The State,* 89 Ala. 121; *Keith v. The State,* 97 Ala. 32; *Hinson v. The State,* 112 Ala. 41.

ALEXANDER M. GARBER, Attorney General, for the State. The court did not err in refusing to permit it to be shown that on the date previous to the difficulty deceased had procured a pistol as there was no offer to show that defendant was aware of it.—*Robinson v. The State,* 108 Ala. 14. The clothing of deceased were sufficiently indentified and were properly admitted in evidence.—*Newell v. The State,* 115 Ala. 54; *Holly v. The State,* 75 Ala. 14. Counsel discuss other assignments of error relative to evidence, but without citation of authority. Counsel also discuss charges given and refused, and insist that no error intervened therein.— *Goodwin v. The State,* 102 Ala. 87; *Naugher v. The State,* 105 Ala. 29.

SIMPSON, J.—The appellant was indicted for murder in the second degree, and convicted of manslaughter in the first degree.

A witness for the state, Mrs. Green, who witnessed the shooting, and who testified that just before the firing Odom (the man who was shot) was standing with his hand in his hip pocket, and seemed to be moving his hand, was asked on cross-examination if said Odom did not, on the day before he was killed, get a pistol from her husband. The state objected, and the objection was sustained. There was no error in sustaining this objection. There was no evidence or offer to prove that the defendant knew of the circumstances referred to.—*Robinson v. State,* 108 Ala. 14, 15, 16, 18 South. 732; *Wilson v. State,* 140 Ala. 43, 50, 37 South. 93.

The cases of *Wiley v. State,* 99 Ala. 146, 13 South. 424, *Linehan v. State,* 113 Ala. 71, 82, 83, 21 South. 497, and *Naugher v. State,* 116 Ala. 463, 466, 23 South. 26, all relate to threats brought to the knowledge of the defendant, or to facts known by him.

[Crumpton v. The State.]

There was error in overruling the objection to the question to the witness Davidson as to a statement made to said witness, shortly before the difficulty, which referred to a threat. This court, in the *Roberts Case,* modified the former rule that uncommunicated threats are not competent evidence, to the extent that threats recently made are admissible, "if the deceased had sought a conflict with the accused, or was making some demonstration or overt act towards the accomplishment or perpetration of such threats. In other words, the circumstances in evidence must properly raise a case of self-defense." Also, that they are admissible in corroboration of threats which have been communicated. Also, "where it is doubtful, from the testimony, which party commenced the affray, threats of this character are admissible, as in the nature of facts, to show who was probably the first assailant."—*Roberts v. State,* 68 Ala. 156, 164. In that case it was proved that the deceased was a violent, overbearing, and vindictive man; that he had made threats one or two hours before the killing, had loaded his gun, said he would kill the defendant before night, and gone to his store. The *Roberts Case* was followed in a case where there was "obscurity in the testimony relating to the conduct of the parties immediately preceding and attending the fatal act," and where on hearing the report of the pistol a witness looked and saw the deceased with "his arm extended, pistol in hand, pointing towards the door" where the accused had last been seen; this court holding that threats made by deceased shortly before the difficulty, while loading his pistol, were admissible, as tending to show his animus, and as to which commenced the difficulty.—*Green v. State,* 69 Ala. 6, 9. Again, where evidence showed that B. and D., on their way to defendant's store, threatened to kill him, and it was

communicated to the defendant, and according to the defendant's evidence, they did in fact go there and make an attack on him, he was allowed to prove also that they had laid in wait for him the night before, as tending to show their motive in going to the store, as corroborative of the communicated threats, and to aid the jury in determining who was the aggressor.—*Gunter v. State,* 111 Ala. 24, 28, 29, 20 South. 632, 56 Am. St. Rep. 17. In a later case this court said: "There are cases involving self-defense where, under the rules laid down in *Roberts v. State,* uncommunicated threats are admissible as tending to show which of the parties to the difficulty was the aggressor, and also as showing the animus of an attack made on a defendant, and such threats are sometimes provable as corroborative of evidence of other threats which were communicated; but there was no evidence that defendant was really being attacked by Brown, and threats of which he was ignorant could not have any agency in inducing him to apprehend an attack," etc.—*Webb v. State,* 135 Ala. 36, 41, 33 South. 487, 489. In another case it was held that uncommunicated threats are inadmissible, unless there is a question in the case, as to whether the deceased was the aggressor, or made hostile demonstrations, etc.—*Wilson v. State,* 140 Ala. 43, 50, 37 South. 93.

Where there are no communicated threats proved, these uncommunicated threats are admitted in evidence, not for the purpose of furnishing an excuse or justification to the defendant—for if he did not know of a threat it could not operate on his mind—but merely for the purpose of aiding the jury in ascertaining the animus of the deceased, so as to form a conclusion as to whether he was the aggressor.

In the present case it was "doubtful from the testimony which party commenced the affray." There was "obscurity in the testimony relating to the conduct of the parties immediately preceding and attending the fatal act." There was "a question in the case as to whether the deceased was the aggressor, or made hostile demonstrations. The threats were admissible for the purpose of showing which party was the aggressor.'

There was no error in overruling the objections in regard to the introduction of the clothes of the deceased.

No injury could occur to the defendant by the evidence of Odom's having been a marshal, and it was not reversible error to admit it.

The same is true with reference to sustaining the objection to the question to the witness Staggs as to the protest of the citizens against his being made marshal; and, besides, it was hearsay.

There was no error in sustaining the objection to the question to the defendant as a witness as to why he got on the other track, as he could not be asked to testify as to his motives.

Charge 1, requested by the defendant, is invasive of the province of the jury, and was properly refused.

In the cases referred to by the attorney for appellant the court was not requested to charge the jury what the evidence did prove.

There was no error in the refusal to give charges 2 and 3, requested by the defendant. They were misleading, in not stating the conditions under which the state is called on to prove freedom from fault.—*Etheridge v. State,* 141 Ala. 29, 30, 31, 37 South. 337; *McBryde v. State,* 156 Ala. 44, 55, 47 South. 302.

There was no error in the refusal to give charge 4, requested by the defendant. It asserts the strange proposition that the state must prove that there was no

reasonable means of escape, in order to convict the defendant.

Charges 5, 9, and 15, requested by the defendant, are arguments and were properly refused.

Charges 6 and 8 were properly refused. Each fails to hypothesize the belief of the defendant that he was in imminent danger of death or great bodily harm, and, besides, charge C, given at the request of the defendant, substantially covers charge 6, if not also charge 8.

Charge 10 was properly refused; juries are to try and determine cases according to the law and the facts, and not according to their opinion as to whether public peace and good order will be promoted by a conviction.

Charge 11, requested by the defendant, is incomplete, states no proposition, and was properly refused.

Charge 12 (being the general charge) was properly refused.

Charge 13, requested by the defendant, is covered by charge C, given at the request of the defendant. Hence there was no error in refusing to give it.

Charge 14, requested by the defendant, was properly refused. As this charge was refused by the court, we cannot say whether or not the court had defined the essentials of self-defense.

Charge 16, requested by the defendant, was properly refused. It is not a question as to what the evidence should be, but what it is; nor is it every hypothesis that must be excluded, but every reasonable hypothesis.

Charge 17 was properly refused. It asks for the defendant an acquittal, and does not hypothesize all of the elements of self-defense.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.