# Tarver *v.* The State.

### *Assault with Intent to Murder.*

(Decided January 15, 1914. 64 South. 161.)

1. *Criminal Law; Former Jeopardy; Misdemeanor and Felony.*— Under section 1221, Code 1907, a conviction of a misdemeanor in a recorder's court is not pleadable as a defense to an indictment charging a felony.

2. *Evidence; Hearsay.*—A question as to what a witness' brother had come to testify to, called for purely hearsay evidence, as well as a conclusion as to the uncommunicated motives or intention of another.

3. *Appeal and Error; Harmless Error; Evidence.*—Where a defendant was permitted without contradiction to testify as to his weight, any error in sustaining an objection to a question as to how much a witness would say that defendant weighed was harmless.

[Tarver v. The State.]

4. *Witnesses; Examination; Scope.*—A question to a witness on cross-examination "don't you do all the swearing?" was beyond the scope of cross-examination and properly refused.

5. *Charge of Court; Defining Elements.*—Where the state confessed defendant's plea of former jeopardy as to all misdemeanor charges embraced in the indictment, and conceded that defendant should be acquitted if not found guilty of a felony charge, and insisted only on a conviction for the felony, and the court so charged the jury, there was no error in refusing to define the constituent elements of the misdemeanor offenses embraced in the general terms of the indictment.

6. *Homicide; Self Defense.*—A charge upon self defense which fails to set out the elements constituting it, submits a question of law to the jury, and was properly refused.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Bernard Tarver was convicted of assault with intent to murder, and he appeals. Affirmed.

The defendant interposed a plea setting up that he was charged and tried in the recorder's court of the city of Montgomery for an assault and battery on one S. Franco; that he was convicted and had discharged the sentence; that the recorder had full and complete jurisdiction of such offense, and of the person of the defendant; and it is alleged that the said prosecution and conviction was based upon and is of the same matters and transaction as is alleged in this indictment or prosecution.

L. A. SANDERSON, for appellant. The court erred in sustaining demurrers to the plea of former jeopardy, and in refusing the affirmative charge.—*Moore v. State,* 71 Ala. 307; *Storrs v. State,* 129 Ala. 101; *State v. Blevins,* 134 Ala. 213; *Jackson v. State,* 33 South. 888; *Brooks v. State,* 46 South. 491; *Dowling v. City of Troy,* 56 South. 116; Sec. 1221, Code 1907. Counsel discuss the charges refused, and the evidence admitted and excluded, but without further citation of authority.

[Tarver v. The State.]

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court properly sustained demurrers to defendant's plea of former jeopardy, and properly refused charge 4 requested by defendant.—*Harris v. State,* 56 South. 55. Counsel discuss other matters insisted on as error, but without citation of authority.

PELHAM, J.—The defendant's conviction of a misdemeanor in the recorder's court of the city of Montgomery was not pleadable as a defense to this indictment charging a felony, and the demurrer of the state interposed to the defendant's plea, seeking to set up such a defense, was properly sustained.—Code, § 1221; *Harris v. State,* 2 Ala. App. 116, 56 South. 55.

There was no error committed by the court in sustaining the state's objection to the question asked the witness S. Franco by defendant's counsel on cross-examination, "That is what your brother came up to testify to?" The matter called for would be based on pure hearsay or a conclusion reached on the uncommunicated motives or intentions of another. A witness cannot testify to the intentions or cognition of another person. —*Bailey v. State,* 107 Ala. 151, 18 South. 234; *Layton v. Campbell,* 155 Ala. 220, 46 South. 775, 130 Am. St. Rep. 17.

If it was error to sustain an objection to the question asking this witness how much he would "say" the defendant weighed, it was without prejudice to the defendant and harmless, for the defendant was permitted to testify what he weighed, and this testimony was without contradiction in the evidence.

It requires no discussion to show that the court properly sustained an objection to the question, "Don't you do all the swearing?" asked the state's witness A.

Franco on cross-examination by the defendant. Other rulings on the evidence are manifestly correct, and do not, we think, require reasoning or the citation of authority to uphold them.

The state having confessed defendant's plea of former jeopardy as to all misdemeanor charges embraced in the indictment, and placed itself in the outset of the trial squarely on asking for a conviction of the felony, conceding that the defendant was entitled to an acquittal if not shown to be guilty of the felony charge, there could be no prejudicial error based on the rulings of the court with respect to refusing to define the constituent elements of the lesser offenses embraced in the general terms of the indictment, either in refusing to charge orally, or at the written request of the defendant thereon, as the issues involved in the trial did not include these matters. The court ex mero motu charged the jury that the defendant's pleas of former jeopardy had been confessed as to all other offenses embraced in the indictment except the felony charge, and that he could only be convicted on that charge.

Refused charges Nos. 1 and 2 are the general charge, and properly refused.

Charge No. 3, in failing to set out the elements constituting self-defense, submits a question of law to the jury.

The plea referred to in charge 4 is evidently the special plea of former jeopardy, and it will be seen from what we have said that the court was not in error in refusing the charge.

No reversible error is presented, and the judgment of the trial court will be affirmed.

Affirmed.