# CASES

IN THE

# COURT OF APPEALS OF ALABAMA

NOVEMBER TERM 1914-15.

## Ragsdale v. The State.

### *Murder.*

(Decided December 17, 1914. Rehearing denied January 12, 1915.
67 South. 783.)

1. *Trial; Introduction of Evidence; Discretion.*—Where a witness remained in the court room after the witnesses had been sworn and put under the rule, it was within the discretion of the trial court to permit the state to introduce such witness, it appearing that such witness was the second witness examined by the state.

2. *Evidence.*—It was proper to admit statements of defendant in the nature of confession or declarations against interest where the circumstances under which the statements were made, as well as the statements themselves, showed them to be voluntary.

3. *Homicide; Threats; Evidence.*—Threats and inculpatory statements shortly before and just after the killing evidencing ill will or expressing a menace towards deceased, made by defendant, are admissible without predicate.

4. *Same; Clothing.*—A shirt worn by deceased at the time of the killing and showing the perforation of the shots was admissible to give the jury the benefit of seeing the bullet holes as illustrative of or explanatory or contradictory of other evidence, notwithstanding the shirt had been laundered after the killing and before the trial.

5. *Same; Instructions; Self-Defense.*—Charges asserting that the presumption was that defendant was free from fault in bringing on the difficulty, that deceased did not die from the wounds inflicted, that if defendant killed deceased, the presumption was that he was justified, that it was a lawful act. that the presumption was that the act was not done with malice aforethought, and that there was a presumption that the killing was not done maliciously, were misleading, as susceptible of the construction by the jury that such presumptions obtained even after the evidence had convinced to the contrary.

6. *Same.*—A charge asserting that the conduct of deceased at the time of the fatal difficulty might be looked to in determining the

degree of the offense, and also in determining the necessity of prompt defensive measures and in determining the guilt or innocence, was unintelligible and involved; the offense charged was shown by the indictment, and the other matters must have been determined by the whole evidence.

7. *Same.*—Self-defense is a plea in confession and avoidance and does not traverse the charge of doing the act, but confesses the act and seeks to justify the same as legal, and to avoid any punishment because it was an act of self-defense.

8. *Same.*—A charge asserting that defendant had set up self-defense and that the burden of proof was not changed by the undertaking to prove it, and that if the jury from the evidence on self-defense had a reasonable doubt as to guilt, he should be acquitted, although they could not find self-defense to have been proven, was objectionable for several reasons.

9. *Same.*—A charge referring the question of self-defense to the jury, and leaving to their determination, the elements constituting self-defense submitted to the jury a question of law.

10. *Same.*—A charge which fails to state the condition upon which the state was called upon to prove freedom from fault and other elements constituting self-defense was properly refused.

11. *Same.*—Charges that if any individual juror, or if the jury as a whole had a reasonable doubt arising out of the evidence as to whether defendant acted in self-defense, they could not convict, singled out and invited the jury's attention to that part of the evidence as to self-defense and also submitted to the jury a question of law.

12. *Same.*—A charge that there was no such thing as shifting the burden of proof from the state, but that it had the burden throughout the trial, was calculated to impress the jury that the burden was not on defendant to reasonably satisfy their minds of the pressing necessity to take life under the plea of self-defense.

13. *Same.*—A charge asserting that the rule of self-defense is that a person may and must act on the reasonable appearance of things, purported to embody the entire rule of law as to self-defense, and was misleading.

14. *Same.*—A charge asserting that the burden was on the state to prove that defendant was not free from fault in bringing on the difficulty was defective for a failure to embody the other elements of self-defense.

15. *Same.*—Charges asserting that if the jury believed defendant was free from fault in bringing on the difficulty, that he did not enter into the conflict willingly, had no reasonable means of escape, was in imminent danger of life or great bodily harm. apparently, he could anticipate his assailant by shooting; that if the circumstances at the shooting was such as to convince him of danger of life or limb, and he was so convinced, and that to retreat would increase such danger, or from other reasonable appearances would do so, and defendant was free from fault.in bringing on the difficulty, he had a right to stand his ground and shoot his assailant, were erroneous in failing to predicate an honest bona fide belief, as a reasonable man, of his imminent danger.

[Ragsdale v. The State.]

16. *Same.*—A charge asserting that if the jury believe that defendant did not bring on the difficulty and that when he was passing along the highway in a peaceable manner, deceased advanced towards him and began a conflict while defendant was retreating, and afterwards began to cut defendant with a knife, defendant had a right to shoot, singled out a part of the testimony only, as well as hypothesized facts not shown by the evidence, and was invasive of the province of the jury.

17. *Same; Malice; Deadly Weapon.*—Where the homicide was clearly shown to have been purposely done with a deadly weapon, a charge that malice as a matter of law was not presumed from the use of such weapon, was erroneous; and where defendant was convicted of manslaughter in the first degree, the refusal of such charge was harmless, since malice is not an element of that offense.

18. *Same; Comparison.*—Charges asserting that in considering the evidence the jury should consider the relative sizes and ages of deceased and defendant, that the law did not require a boy nineteen years old to exercise the deliberation and judgmnt required of a mature man, and that the jury might consider that defendant was a boy nineteen years old, single out parts of the evidence, and are argumentative.

19. *Same; Self-Defense.*—Charges asserting that if a defendant is free from fault, it is immaterial, if he shot·in self-defense, what he said before and after the shooting, and that the fact that he had a pistol at the time of the shooting did not deprive him of the right of self-defense, failed to set up the constituent elements of self-defense, and were properly refused.

20. *Same.*—Charges asserting that the fact that defendant threatened deceased would not deny him the right to invoke the rule of self-defense, and that the fact that he had a pistol in his possession at the time of the killing did not deprive him of that right, were not only misleading, but were also argumentative and invasive of the province of the jury.

21. *Infants; Capacity to Commit Crime; Presumptions.*—There is no presumption of law that a person more than fourteen years of age is unable to comprehend and appreciate the wrongfulness of his guilty act, as the law draws no distinction between a person nineteen or twenty years of age, and one thirty or thirty-two years old.

22. *Witnesses; Cross-Examination; Scope.*—There was no abuse of discretion in permitting the state on cross-examining defendant to ask where he got the pistol with which he did the shooting, how many cartridges he bought at the time, as to which pocket he had the pistol in, etc.

23. *Criminal Law; Defenses; Alibi.*—An alibi is a general traverse of the material allegations of the indictment, alleging that defendant committed the crime charged against him.

24. *Charge of Court; Singling Out Evidence.*—Charge asserting that the jury may look to certain evidence, are properly refused as singling out parts of the evidence, and as being argumentative.

25. *Same; Reasonable Doubt.*—A charge that if any individual juror has a reasonable doubt arising out of the evidence, as to whether the act charged against defendant is unlawful or not, they cannot convict, is properly refused.

26. *Same; Invading Jury's Province.*—Where it appeared from the evidence that there was bad feeling between defendant and deceased bcause of a previous difficulty, and a probability that the trouble would be renewed when they met again, a charge asserting that as matter of law, defendant had the right to be where he was at the time of the shooting, was an invasion of the province of the jury, stated no proposition of law, and is argumentative.

27. *Same; Request for.*—Charges presented on the same piece of paper, and refused as one charge will not constitute reversible error unless all the charges were good.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

William W. Ragsdale was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The indictment charged the killing of James W. Mc-Cauley, by shooting him with a pistol, but without premeditation or deliberation. The witness McCauley was a second witness offered by the state. The bill of exceptions states that the rule had been invoked by the state, and the witnesses had been excluded from the courtroom, but this witness, however, remained in and sat by counsel for the state. He had not been sworn until he was called as a witness. The state's counsel admitted that they knew he was going to be used as a witness, but denied that they knew he was in the room, and requested that he be sworn and excused from the rule, as the state needed him on the examination of witnesses. The witness was a brother of deceased. Herndon, being introduced as a witness, testified that he saw defendant on the day before the killing, and was asked if he heard defendant say anything about McCauley, or what he was going to do to McCauley, the day before the killing. The witness answered, over objection. "Defendant said McCauley could not get off for that with him." Wells, a witness for the state, testified that a statement was made to him and Mr. East by defendant shortly after the killing. The question was asked him if "anything

was said by you in the nature of a promise, or did you promises him anything, or offer him any reward, or say it would be better for him if he did not make a statement, or worse for him not to make a statement, or anything of that nature?" The witness answered: "No, sir. I did not make any, and never heard any." The witness further answered that he did not know at that time, and did not now know personally, whether defendant had ever been arrested or whether he was in custody. Witness was then permitted to testify that defendant said that he went up to Mr. McCauley and told him they had better settle that little difficulty and McCauley got to cutting, and he had to kill him.

The following charges were refused to defendant:

(4) The presumption is that defendant was free from fault in bringing on the difficulty.

(7) The presumption is that McCauley did not die as a result of the wounds inflicted by defendant.

(8) If you find from the evidence in this case that defendant did kill McCauley, then I charge you that the presumption is that he was justified in doing so.

(9) The presumption is that if defendant killed McCauley, his act in doing so was a lawful act.

(27) The presumption in this case is that the act complained of was not done with malice aforethought.

(29) The presumption is that the killing in this case was not done maliciously.

(10) The conduct of deceased at the time of the fatal difficulty may be looked to by the jury to determine the degree of the offense charged, also, in determining the necessity of promptness of defensive measures on the part of defendant, and his guilt or innocence.

(12) The defendant sets up self-defense in this case, and the burden of proof is not changed when he undertakes to prove it; and if, by reason of the evidence in re-

lation to such self-defense, you should entertain a reasonable doubt as to defendant's guilt, he should be acquitted, although you may not be able to find that the self-defense has been fully proven.

(15) If any individual juror has a reasonable doubt arising out of the evidence as to whether defendant acted in self-defense or not, then you cannot convict defendant.

(18) Same as 15 as applied to the whole jury.

(21) There is no such thing in this case as shifting the burden of proof from the state to defendant; the burden being on the state throughout the trial.

(23) If any individual juror has a reasonable doubt arising out of the evidence in this case as to whether the acts charged against defendant were unlawful or not then you cannot convict him.

(25) The court charges the jury as a matter of law that defendant had a right to be where he was at the time of the shooting complained of.

(26) The rule of self-defense in a case of this kind is that a person may and must act on the reasonable appearance of things.

(28) The burden is on the state to prove that defendant was not free from fault in bringing on the difficulty.

(32) If the jury believe from the evidence that defendant was free from fault in bringing on the difficulty and did not enter into the conflict willingly, and had no reasonable means of escape, and was apparently in imminent danger of his life or exposed to great bodily harm, then he had a right to anticipate his assailant in shooting.

(36) If the circumstances at the time of the shooting were such as to convince the defendant that he was in impending danger to life or limb, and defendant was so convinced, and that to retreat would increase such dan-

ger, or from the reasonable appearance of the condition would do so, and he was free from fault in bringing on the difficulty, then I charge you that defendant had the legal right to stand his ground, cease his retreat, and shoot his assailant to death.

(35) If the jury believe from the evidence that defendant did not provoke or bring on the difficulty, that he was passing along the highway in an orderly and peaceful manner, and that deceased came upon him in an insulting manner and advanced towards him and entered into a conflict with him while he was retreating, and afterwards procured his knife and was cutting defendant at the time he was shot, then I charge you that defendant had the right to shoot deceased.

(37) Malice as a matter of law is not presumed from the use of a deadly weapon.

(38) In considering the evidence in this case, it is your duty to take into consideration the relative sizes and ages of deceased and defendant.

(39) The law does not require of a boy 19 years of age that deliberation, caution, judgment, and forethought that it requires of a mature man.

(45) In trying a case of homicide against a boy 19 years old, the jury may take into consideration his age, together with the other evidence in the case.

(42) If you find from the evidence that defendant was free from fault in bringing on the difficulty that resulted in the killing, then it is immaterial, if Ragsdale shot in self-defense, what he said either before or after the shooting.

(43) Same in legal effect as 42.

(44) The fact that defendant had a pistol in his possession at the time of the killing does not deprive him of the right of self-defense.

(41) The mere fact, if it be a fact, that defendant made threats as to deceased down at the furnace would

not deprive him of the right to invoke the protection of
the doctrine of self-defense.

Estes, Jones & Welch, for appellant.   The witnesses
having been sworn and put under the rule, the court
erred in permitting McCauley, who did not go out of
the courtroom, to testify over the objection of appellant.
The court erred in admitting the confessions, or inculpa-
tory statements alleged to have been made by defend-
ant.—*Sample v. State,* 1 Ala. App. 89; 12 Cyc. 480; 1
Mayf. 202.   The court erred in allowing the shirt to
be admitted in evidence, as it was not shown to be in
the same condition as at the time of the killing.   The
defendant's objections as embodied in assignments of er-
ror 10 to 15, inclusive, should have been sustained.—
*Hinson v. State,* 114 Ala. 25.   Charges made the basis
of assignments of error 18 to 21, inclusive, and 31 and
34 should have been given.   Written charge 10 should
have been given.—3 Brick. Dig. 219-221; *DeArman v.
State,* 75 Ala. 359.   Written charge 12 should have been
given.—*Hatch v. State,* 144 Ala. 15.   Written charge 15
should have given.—1 Mayf. 213 and 811.   Charge 21
should have been given.—1 Mayf. 312.   Written charge
23 should have been given.—Forms 72, 73 and 76, Crim.
Code 1907.   Charge 26 should have been given.—
*Blewett v. State,* 151 Ala. 41.   Charge 36 should have
been given.—*Kennedy v. State,* 140 Ala. 1; *Beasley v.
State,* 51 South. 259.   On these authorities, counsel base
an argument as to error committed in the refusal of
the other charges given.

R. C. Brickell, Attorney General, and W. L. Martin,
Assistant Attorney General, for the State.   No abuse
of discretion is shown in permitting McCauley to tes-
tify.—*Belk v. State,* 64 South. 515.   The alleged confes-

sions or statements of defendant were supported by the proper predicate.—*Henley v. State,* 3 Ala. App. 215. The burden is always on defendant to satisfy the jury reasonably of the pressing necessity to take life.— *Naugher v. State,* 105 Ala. 26. Inability to safely retreat, and the other elements of self-defense must be reasonably established by defendant before the burden is shifted to the state to show that defendant is the aggressor.—*McBride v. State,* 156 Ala. 44. The other charges are objectionable under familiar rules of law.

PELHAM, P. J.—Permitting the state's counsel to introduce the evidence of the witness E. T. McCauley, who had remained in the courtroom when it was shown that the witnesses had been sworn and put under the rule out of the hearing of the court, was a matter of discretion in the trial judge in which no abuse is shown. The witness McCauley was the second witness examined in behalf of the state, and no error prejudicial to defendant authorizing a reversal appears to have resulted. Certainly no abuse of discretion is shown, and that is the question to be considered.—*Belk v. State,* 10 Ala. App. 70, 64 South. 515.

The surrounding circumstances and conditions under which the statements of the defendant in the nature of confessions or declarations against interest were made, as well as the nature of the statements themselves, show them to have been entirely voluntary, and they were properly admitted.—*Dupree v. State,* 148 Ala. 620, 42 South. 1004; *Love v. State,* 124 Ala. 82, 27 South. 217; *McKinney v. State,* 134 Ala. 134, 32 South. 726; *Morris v. State,* 146 Ala. 66, 41 South. 274; *Burton v. State,* 107 Ala. 108, 18 South. 284.

The character of the evidence elicited was in the nature of threats and inculpatory statements made by the

defendant shortly before and after the killing, evincing ill will or expressing a menace towards the deceased, and these may be shown independent of a predicate.— *Shelton v. State,* 144 Ala. 106, 42 South. 30; 1 Mayf. Dig. 262, 263, and cases there cited; *Ex parte State,* 181 Ala. 4, 61 South. 53.

Although the shirt worn by the deceased at the time of the killing and perforated by the shots had been laundered between the time of the fatal rencounter and the trial, they were a proper subject of evidence after they had been properly identified and this fact proven, so that the jury might have the benefit of whatever physical testimony the articles showing the bullet holes afforded in the way of illustration, explanation, or contradiction with reference to what eyewitnesses to the transaction had testified. It has long been the rule in this state, as announced by the Supreme Court, that the clothes the deceased wore at the time of the killing are admissible in evidence, and the rule is not to be changed simply because the clothes have been washed, if they afford other illustrative evidence aside from such marks or stains as may have been removed in the cleansing process, such as bullet holes.—*Pate v. State,* 150 Ala. 10, 43 South. 343.

There was no abuse of the judicial discretion in permitting the state's counsel to propound questions to the defendant on cross-examination as to where he got the pistol with which he did the shooting, how many cartridges he bought at the time, which pocket he had the pistol in, etc. The law allows great latitude on cross-examiantion, and its extent is largely a matter of the trial court's discretion.—*Smiley v. Hooper,* 147 Ala. 646, 41 South. 660. The examination may extend even to remote matters for the purpose of testing the credit to be accorded the witness, his memory or accuracy.—*Amos v. State,* 96 Ala. 120; 11 South. 424.

Other rulings on the evidence are without prejudicial error, and do not, we think, require discussion.

Charges 4, 7, 8, 9, 27, and 29, refused to the defendant, are erroneous and misleading in that they instruct the jury, or might well have been understood by the jury as instructing, that the presumptions of law therein predicated as to the defendant's innocence obtain even after the jury has heard the evidence which may have convinced the jury to the contrary beyond a reasonable doubt.—*McEwen v. State,* 152 Ala. 38, 44 South. 619.

Charge No. 10 is involved (*Turner v. State,* 160 Ala. 40, 49 South. 828) and is not an intelligible statement of any proposition of law. The offense "charged" is shown by the indictment, and the conduct of the deceased at the time of the difficulty could not be looked to for the purpose of ascertaining the degree of the offense *charged* against the defendant. The use of the last five words in this charge in the connection in which they appear also tends to make the charge of uncertain meaning.

Instructions which assert that the jury may look to certain evidence are properly refused as argumentative and as giving undue prominence to certain portions of the testimony.—*Shelton v. State,* 144 Ala. 106, 42 South. 30.

Charges No. 12 is in the same language as a charge in *Hatch's Case,* 144 Ala. 50, 40 South. 113, except in the use of the words "self-defense" in place of the word "alibi" as used in the charge approved in *Hatch's Case.* An alibi is a general traverse of the material averment of the indictment that the defendant committed the crime charged against him (*Albritton v. State,* 94 Ala. 76, 10 South. 426), and such a charge, while it might be held good as not singling out part of the evidence, when

applied to a defense that is a general denial or traverse of the material averment in the indictment that the defendant did the act charged, could not for the same reason and on the same principle be held good as applicable to the charge in this case, substituting "self-defense" for "alibi." Self-defense is a plea in the nature of a confession and avoidance, and does not traverse the averment of doing the act charged, but confesses and seeks to justify doing the act as legal and avoid any evil consequences from having done it because of having acted in self-defense.

But, aside from this, the charge is bad in that it submits a question of law to the jury. It has long been held that a charge referring to the jury the question of self-defense and leaving to their determination what constitutes the elements of self-defense is erroneous.— *Davis v. State,* 8 Ala. App. 147, 62 South. 1027; *Plant v. State,* 140 Ala. 52, 57, 37 South. 159; *Roden v. State,* 97 Ala. 54, 56, 12 South. 419; *Miller v. State,* 107 Ala. 40, 19 South. 37; *Gilmore v. State,* 126 Ala. 30, 39 28 South. 595; *Adams v. State,* 133 Ala. 166, 175, 31 South. 851; *Smith v. State,* 130 Ala. 95, 98, 30 South. 432; *Tarver v. State,* 9 Ala. App. 17, 20, 64 South. 161; *Powell v. State,* 5 Ala. App. 75, 82, 59 South. 530; *Garth v. State,* 8 Ala. App. 23, 26, 62 South. 383; *Greer v. State,* 156 Ala. 15, 19, 47 South. 300.

The charge is misleading, it seems to us, in not stating the conditions under which the state is called upon to prove freedom from fault and certain other elements comprehended in the defendant's plea of self-defense.— *Crumpton v. State,* 167 Ala. 4, 52 South. 605; *Etheridge v. State,* 141 Ala. 29, 37 South. 337; *Allen v. State* 148 Ala. 588, 42 South. 1006. We may also call attention to the fact that, while not mentioning the *Hatch Case, supra,* wherein the Supreme Court by a divided court ap-

proved this charge, the Supreme Court, in the late case of *McClain v. State,* 182 Ala. 67, 62 South. 241, has condemned the identical charge by an undivided court, the charge being designated as 'Q" in the latter case.

Charges 15 and 18 single out and invite the attention of the jury to only that part of the evidence as to the defendant's having acted in self-defense. Each of these charges submits a question of law to the jury. See authorities cited in discussion of charge 12, in *O'Rear v. State,* 188 Ala. 14, 66 South. 81.

Charge 21 was reasonably calculated to impress the jury with the belief that the court was instructing them that the burden of proof was not on the defendant to reasonably satisfy the jury of the pressing necessity to take life under his plea of self-defense, and such is not the law.—*Naugher v. State,* 105 Ala. 26, and authorities cited in the opinion on page 30, 17 South. 24.

Charge 23 is patently bad.

Charge 25 invades the province of the jury. As referred to the evidence, it was shown that there was bad feeling existing between the defendant and deceased because of a difficulty they had engaged in the day before. There was also evidence tending to show that there was a likelihood of a renewal of hostilities when the parties met again. If the defendant, having armed himself since the first difficulty, crossed the street where the fatal rencounter occurred under these circumstances, knowing that he would likely meet the deceased and that there would be a renewal of the former difficulty, then he would not, as a matter of law, have a right to go to the place where he was when the killing took place. A person must not be disregardful of the consequences of any wrongful word or act, and must refrain from doing that which may encourage or provoke a difficulty.— *McEwen v. State,* 152 Ala. 38, 44 South. 619. Besides,

the charge states no proposition of law and is argumentative. It was under the evidence in this case a question for the jury.

"The rule of self-defense" is not, as a matter of law. confined to the statement of that rule of law as set out in the twenty-sixth refused charge. The learned judge, from whose opinion appellants counsel call to our attention that they copied the charge (*De Arman v. State,* 71 Ala. 351, 359), in using the language copied into the charge was (as may readily be seen from reading the connection in which it was used) not laying down a general rule, but was only applying the applicable *part* of the rule of self-defense to the particular facts of the case then under discussion. To be given in charge as embodying the entire rule of law appertaining to self-defense, it would have a decidedly misleading tendency. Besides, the record shows that charges 26 and 27 were presented to the court together on the same piece of paper and refused as "one charge," and we have heretofore condemned charge 27 as bad.

Charge 28 is bad in that it fails to embody the other elements of self-defense. Before this burden is placed on the state, other elements of self-defense must be proven to the reasonable satisfaction of the jury by the defendant.—*McBryde v. State*, 156. Ala. 44, 47 South. 302, and authorities cited following a discussion of charge 1 in that case, on pages 55 and 56.

Charges 32 and 36, omit to predicate an honest or bona fide belief on the part of the defendant, as a reasonable man, of imminent impending danger.—*Reid v. State,* 181 Ala. 14, 61 South. 324. Given charges 24 and 31 correctly state the propositions embodied in these charges and predicate the honest belief of the defendant.

Charge 35 singles out part of the evidence for the consideration of the jury and instructs the jury to base a

finding on that evidence. It also incorrectly states the evidence, in that it states facts as a hypothesis for a finding that are not shown by the evidence set out in the record (*Sims v. State,* 146 Ala. 109, 41 South. 413) and invades the province of the jury (*Crumpton v. State,* 167 Ala. 4, 52 South. 605).

The killing in this case was shown, without conflict in the evidence, to have been purposely done with a deadly weapon, and charge No. 37 does not state a correct proposition of law.—*Murphy v. State,* 37 Ala. 142; *Commander v. State,* 60 Ala. 1.

Besides, the refusal of the charge is without injury to the defendant, as the record shows the defendant was convicted of manslaughter in the first degree, in which express or implied malice does not enter as an ingredient of the crime.—*Clarke v. State,* 117 Ala. 1, 23 South. 671, 67 Am. St. Rep. 157.

Charges 38, 39, and 45 single out and give undue prominence to parts of the evidence, and are but mere arguments.

There is no presumption of law as to the requisite knowledge possessed by a person over 14 years of age not being sufficient to comprehend and appreciate the wrongfulness of his guilty act. The *law* makes no less "requirements," and draws no distinctions between a person of 19 or 20 years of age and one of 30 or 32 years of age, as to their having the requisite guilty knowledge to comprehend and appreciate wrongdoing, and the consequences of such an act. Charge 39 undertook to draw a distinction of law unknown to the law.

Charges 42, 43 and 44 are erroneous, and properly refused in failing to set forth the constituent elements of self-defense.—*Gilmore v. State,* 126 Ala. 21, 28 South. 595.

The facts that the defendant had previously made threats against the deceased and had a pistol in his pos-

session at the time he killed deceased, when taken in connection with all the other evidence in the case, might have led the jury to the conclusion that the defendant was not acting in self-defense at the time of the killing, and he would therefore, in that sense, have been deprived of setting up such a defense. For this reason charges 41 and 44 are misleading.

They also invade the province of the jury. See *Hays v. State*, 155 Ala. 40, 46 South. 471; *Smith v. State*, 165 Ala. 74, 51 South. 632.

These charges are also argumentative, and properly refused on that account.—*Sweatt v. State*, 156 Ala. 85, 47 South. 194.

We find no reversible error in the record, and the judgment of the lower court will be affirmed.

Affirmed.