# Langley, *et al. v.* Langley.

### Partition.

(Decided May 11, 1916. 72 South. 91.)

Partition; Title; Adverse Claim.—Under § 5220, Code 1907, the probate court is without jurisdiction to proceed with the partition for sale for distribution among tenants in common, where an adverse claim is asserted, unless upon investigation it determines that the claim is not grounded in good faith.

APPEAL from Chambers Probate Court.
Heard before Hon. J. J. ROBINSON, JR.
Petition by Mary Langley for partition for sale of land among tenants in common, making A. J. Langley and another respondents. From the action of the court striking defendant's pleas, they appeal. Reversed and remanded.

R. J. HOOTEN, for appellant. G. B. WALKER, and STROTHER, HINES & FULLER, for appellee.

MCCLELLAN, J.—This petition was filed in the probate court by Mary Langley to have a sale of land for distribution of the proceeds among tenants in common. The appellants, A. J. Langley and B. E. Thompson, were named in the petition as joint owners, with the petitioner and others, of the land. Langley and Thompson ( appellants) filed a paper, in the nature of a plea to the petition, wherein it was averred that they were in the adverse possession of the lands described in the petition, claiming them under a warranty deed, from Susan Littlefield, of date July 6, 1911. The petitioner moved the court to strike this plea, assigning two grounds, viz.: That the plea presented no answer to the petition; that, the petition being for a sale for distribution, an adverse claim of the lands presented no answer to the petition. The court granted the motion and struck the plea; no inquiry into the good faith of the claim of adverse holding being made by the court.

Code, § 5220, reads: "No division or partition or sale for distribution can be made under this article, in the probate court when an adverse claim or title is asserted by any one, or brought

[Danforth v. McClellan.]

to the knowledge of the commissioners, or of the judge of probate."

As appears, the statute now has application to cases where sales for distribution among tenants in common are sought in the probate court. The court below evidently overlooked the change in the statute. The court should have made investigation of the good faith of the claim asserted by the appellants, and determined the question before proceeding to consider the propriety of ordering the sale as prayed. If, on such investigation, the court found that the claim was grounded in good faith, then the probate court was without jurisdiction to proceed to order the sale for distribution.—*Layton v. Campbell,* 155 Ala. 220, 46 South. 775, 130 Am. St. Rep. 17. The court erred in striking the plea of the appellants without an investigation of and a decision upon the issue of the claimants' good faith thereby raised.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.