# Sheppard *v.* The State.

### *Violating Prohibition Law.*

(Decided June 18, 1912.   59 South. 333.)

1. *Jury; List.*—Where the court summoned and made up a venire of thirty-six persons as the panel of juries for the week, it was improper to organize the jury for the trial of the defendant charged with a misdemeanor, from a list of the first twenty-four names of the thirty-six qualified jurors. (Section 32, Acts 1909, p. 317.)

2. *Intoxicating Liquors; Violation; Evidence.*—Where it appeared that the sign "saloon" was over the premises when rented by the defendant, and defendant was prosecuted as a bottler, the state was not authorized to show that the defendant maintained a saloon, or permitted such sign to remain at his place of business. Section 33-½. Acts 1909, p. 94.)

APPEAL from Andalusia City Court.

Heard before Hon. A. L. RANKIN.

W. M. Sheppard was convicted of violating the prohibition law and he appeals. Reversed and remanded.

A. WHALEY, for appellant. The defendant was entitled to strike from the complete jury panel for the week.

—Section 32, Acts 1909, p. 318. The sentence of three months was a shorter term than was provided by law, and was hence, void.—Section 3, Acts 1909, p. 95; *Ex parte Brown,* 102 Ala. 179; *Brown's Case,* 47 Ala. 47. The court erred in the admission of evidence.—*Prince v. The State,* 100 Ala. 144.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The defendant had the number of jurors to which he was entitled under the statute.—Acts 1909, p. 318; *Gresham v. The State,* 1 Ala. App. 220. There was no error in the admission of evidence.

DE GRAFFENRIED, J.—1. The venire for the week during which the defendant's case was tried consisted of 36 persons who were regularly drawn, summoned, and impaneled for the week. All of these jurors were in attendance upon the court as jurors when the defendant's case was called for trial, and, when his trial was entered upon and had, none of the jurors were engaged in the trial of any other case. The entire panel was so situated, therefore, that the names of all of the jurors for the week who were qualified to sit as jurors on the defendant's trial could have been placed upon the lists, and the 12 jurors to try the defendant could have been selected therefrom in the manner provided by law. —General and Local Acts Special Session 1909, pp. 305, 318, subd. 32.

The above subdivision 32 of the above act provides in express terms that "upon the trial by jury in *any* court of *any* person indicted for a *misdemeanor,* or *felony* not punished *capitally,* the court *shall require* two lists of *all* [not a part of] the regular jurors *impaneled* for *that* week, who are *competent* to try the defendant, to be made, and the solicitor *shall* be required first to

strike from the list the name of one juror and the defendant shall strike two, and they *shall* continue to strike off names alternately until only twelve jurors remain on the list, and *these twelve thus selected shall* be the jury charged with the trial of the case."

The above provisions are plainly mandatory, and through those provisions the people of Alabama have, through their representatives in the Legislature, determined how jurors for the trial of a *misdemeanor* or a *noncapital* felony *shall* be selected. When the legislative will is plainly and validly expressed, courts should and *must* obey that will, for it is the province of the Legislature and not of the courts to make a law.

In the face of the above mandatory statute, and against the seasonable objection of the defendant, the trial judge required the list to be made up of the "first 24 names of the entire list of 36 jurors impaneled for the week and [ordered] that the state and the defendant must strike, only from the first 24 names first on the list of the entire jury."

Of course, if any juror is absent from the court or is sick, and for that or for any other valid reason is not qualified to sit as a juror on the trial of a defendant, the name of such juror should be omitted from the lists, and it is the duty of the court to require that his name shall not appear on the lists. No court, however, has the right or power to arbitrarily say what particular names of *qualified* jurors impaneled for a particular week and in attendance upon the court as such jurors shall be placed upon the lists for a defendant tried during such week for a misdemeanor or a noncapital felony and from which the jury to try the case shall be selected. The law requires *all* of such jurors to be placed upon the lists and that the jury for the trial of the defendant *shall* be selected from such lists.

The present jury law, of which the above subdivision forms a part, was intended to correct the abuses to which the system of trial by jury was subject under the laws which formerly prevailed in the state. In the practical administration of justice in every civilized community, some *form*—some *ceremonial*—has been found to be *essential,* and we doubt if the time will ever come in the history of the race when all form and all ceremonial can be laid aside by the courts and justice under the law be, at the same time, impartially administered.

It is manifest, from what we have above said, that we are of the opinion that, in making up the lists from which the state and defendant were required to select the jury to try the defendant, the trial court committed an error for which the judgment of the court below must be reversed.

2. During the progress of the trial, the state, against the objection of the defendant, was permitted to show that over the door of the defendant's place of business was the word "saloon." This word was over the door when the defendant rented the premises, and the defendant was in no way responsible for the presence of the sign. The defendant was not, according to the evidence, a dealer in beverages (see General and Local Acts 1909, pp. 63-96, subd. 33½, p. 94), but simply operated a bottling business in the building. The fact that the word "saloon" appeared over the defendant's place of business, not being relevant under the provisions of subdivision 33½, p. 94, of General and Local Acts of 1909, above referred to, was admissible for no purpose. The state's testimony showed that the presence of the sign had no connection with the defendant's occupation or the true inquiry before the jury, and the court improperly admitted evidence as to the existence

of the sign to go to the jury. It may be, as claimed by the state, that this evidence, although irrelevant, was of no injury to the defendant. If it had any tendency, however, its tendency was prejudicial, and when this case is again tried no such evidence should be admitted. Irrelevant and immaterial testimony, even if harmless, should not be permitted to go before a jury.

There is no other error in the record.—*Allison v. State*, 1 Ala. App. 206, 55 South. 453. The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.