# Edgar v. The State.

## Murder.

(Decided June 12, 1913.  62 South. 800.)

1. *Jury; Venire; Service on Accused.*—A special venire in a murder case will not be quashed merely because in making out the copy to be served on defendant, the clerk wrote the name of two jurors improperly.

2. *Same; Excusing Jurors.*—Where a juror is excused by the court for good cause, it is not erroneous to fail to place the name of such a juror on the copy of the venire from which the jury is to be drawn.

3. *Same.*—The provisions of section 32, Acts 1909, p. 317, are mandatory, and where a juror is not excused and is present in court, the court may not refuse to place his name on the jury list merely because of a clerical error of the clerk in copying his name in the copy of the venire to be served on the defendant.

4. *Appeal and Error; Presumptions; Record.*—Where a reasonable intendment of the record clearly indicates that the thing did not exist, the court will not, in order to uphold the judgment, presume that such a thing might have existed.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Jesse J. Edgar was convicted of murder in the second degree, and he appeals.  Reversed and remanded.

E. B. ALMON, and G. O. CHENAULT, for appellant. The provisions of section 32, Acts 1909, p. 305, are mandatory, and the court was in error in not requiring the name of the juror Bruton to be placed on the venire from which the jury was to be selected.—*Shepherd v. State*, 5 Ala. App. 178.  The court was in error in refusing to quash the venire.—Acts 1909, p. 305.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.  The clerical error of the clerk in incorrectly copying the names of two of the jurors upon the venire to be served upon de-

[Edgar v. The State.]

fendant did not authorize the quashing of such venire. —Acts 1909, p. 305; *Longmire v. State,* 130 Ala. 66; *Cauley v. State,* 133 Ala. 128; *Smith v. State,* 145 Ala. 17; *Untreinor v. State,* 146 Ala. 26. It was within the court's discretion to excuse the juror Bruton. In the absence of a showing to the contrary it will be presumed that the court excused the juror Bowen for just cause.—Code, section 7280; *Farriss v. State,* 85 Ala. 1; *Riley v. State,* 88 Ala. 193; *Hawes v. State,* 88 Ala. 39; *Sullivan v. State,* 102 Ala. 41; *Yarbrough v. State,* 165 Ala. 43; *Thomas v. State,* 124 Ala. 48; *Moseley v. State,* 107 Ala. 74; *Plant v. State,* 140 Ala. 53; *Gaines v. State,* 146 Ala. 16, 24; *Borden v. State,* 145 Ala. 1; *Williams v. State,* 144 Ala. 14, 17; *Williams v. State,* 147 Ala. 10, 23; *Calhoun County v. Watson,* 153 Ala. 554; *L. & N. R. R. Co. v. Young,* 168 Ala. 551, 560.

DE GRAFFENRIED, J.—In this case there was an indictment for murder. The defendant was convicted of murder in the second degree, and appeals.

1. There was a motion by the defendant to quash the venire upon the ground that a correct copy of the venire of jurors drawn and summoned for the week, "with a copy of the special venire of jurors drawn and ordered summoned for the trial of this cause, was not served upon the defendant as required by law and the orders of this court." The particular objection was that the names of Will J. Bruton, and James C. Bowen were drawn, summoned, and impaneled as jurors for the week in which the defendant's case was set for trial, that they were *then* in attendance upon the court, but that their names had been *omitted* from the copy of the venire which had been served upon the defendant, and did not appear upon such lists. The truth was that the clerk, in making out the copy *to be* served, and which

*was* served upon the defendant, by a clerical misprision wrote the name Will J. Bruton, *Will J. Bryton,* and the name James C. Bowen, *James C. Brown.* This was a mere *clerical error,* and the court properly overruled the defendant's motion to quash the venire.—*Godau v. State,* 179 Ala. 27, 60 South. 908.

2. It appears that the court had excused the juror Bruton for good cause, and the court cannot be put in error for failing to have his name placed upon the lists from which the defendant's jury was drawn.

3. The trial court, however proceeded upon the theory that because of the mistake in the name of James C. Bowen, the defendant was not entitled to have the name of that juror placed upon the lists. It is argued on behalf of the state that we are, from this record, authorized to indulge the presumption that the juror James C. Bowen had also been excused by the court for good and sufficient cause. There is nothing in the record indicating that this juror had been excused. On the contrary, the record shows that the defendant objected to being forced to select a jury from the lists because of the absence of the name of said James C. Bowen from said lists, and that he reserved an exception to the action of the trial court in requiring him to select his jury from a list upon which *that* name did not appear. There is no reason why an appellate court should shut its eyes to the truth, or that it should say, in order that it may uphold the judgment of a trial, court, that a certain thing *might have* existed when every reasonable intendment of the record which it has before it clearly indicates that the *thing* did not exist. Every record is entitled to an honest consideration, and there should be no dodging of an issue when the issue is fairly presented. We think that this record shows that the juror James C. Bowen was not excused by the

[Edgar v. The State.]

court, that he was present when the defendant's trial was entered upon, and that his name was not placed upon the defendant's jury lists because the trial court was of the opinion that the *error* of the clerk, to which we have above adverted, had rendered it improper for his name to be placed upon the lists.

4. The act entitled "An act, to prescribe the qualifications of jurors," etc., approved August 31, 1909 (Pamph. Gen. & Loc. Acts, Special Session, 1909, pp. 305 to 320, inclusive), provides that: "Whenever any person or persons stand indicted for a capital felony, the court must on the first day of the term, or as soon as practicable thereafter, make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons including those drawn and summoned on the regular juries for the week set for the trial of the case, and shall then in open court draw from the jury box the number of names required with the regular jurors drawn and summoned for the week set for the trial to make the number named in the order, and shall cause an order to be issued to the sheriff to summon all persons therein named to appear in court on the day set for the trial of the defendant and must cause a list of the names of all the jurors summoned for the week in which the trial is set, and those drawn as provided in this section, together with a copy of the indictment, to be forthwith served on the defendant by the sheriff, and the defendant shall not be entitled to any other or further notice of the jurors summoned or drawn for his trial nor of the charge or indictment upon which he is to be tried. On the day set for the trial, if the cause is ready for trial, the court must inquire into, and pass upon the qualifications of all the persons who appear in court in response to the summons to serve as jurors, and shall cause the names of

all those whom the court may hold to be competent jurors to try the defendant or defendants to be placed on lists, and if there is only one defendant on trial shall require the solicitor to strike off one name and the defendant to strike off two names, and in case there are two or more defendants on trial the solicitor shall strike one and every defendant shall strike one name and they shall in this manner continue to strike names from the list until only twelve names remain thereon. The twelve thus selected shall be sworn and impaneled as required by law for the trial of the defendant or defendants." The above provisions are mandatory. The Legislature has the power to say how many jurors shall compose the venire from which the jury to try a capital case shall be drawn. The juror Bowen was on the venire from which the defendant's jury was to be drawn. He was present when the trial began. The trial judge did not require his name to be placed on the defendant's jury list. In fact it refused to permit his name to be placed on the list against the seasonable application of the defendant. The court's action in the premises was not due to an ascertained disqualification of the juror, but to an erroneous idea of the court that, because of a clerical error on the part of the clerk, to which we have referred, the defendant was not entitled to this juror. "When the legislative will is plainly and validly expressed, courts should and must obey that will, for it is the province of the Legislature, and not of the courts, to make a law."—*Sheppard v. State,* 5 Ala. App. 178, 59 South. 333. As was said by the writer of this opinion in the above-cited case: "The present jury law, of which the above subdivision forms a part, was intended to correct the abuses to which the system of trial by jury was subject under the laws which formerly prevailed in this state. In the practical administration of

[McGay v. The State.]

justice in every civilized community some form—some ceremonial—has been found to be *essential,* and we doubt if the time will ever come in the history of the race when all form and ceremonial can be laid aside by the courts and justice under the law be, at the same time, impartially administered."

It is evident that the trial court committed an error in refusing to have placed the name of the juror Bowen upon the list from which the defendant's jury was selected, and that for that error the judgment of the court below must be reversed, and the defendant awarded a new trial.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.