# Zininam *v.* The State.

## *Murder.*

(Decided April 16, 1914.　65 South. 56.)

1. *Jury; Service of List on Accused.*—The provisions of the Jury Act (Acts 1909, p. 305) are mandatory, although section 29 thereof expressly declares that it is the legislative intent to make the provisions of the act directory merely.

2. *Same; Venire; Quashing; Grounds.*—The provision of section 29, Acts 1909, p. 305, is to be construed in connection with the other provisions of the Act relating to the preparation of the venire, which must be taken as mandatory.

3. *Same.*—A mistake in the name of a juror in a venire is not grounds for quashing the venire under the Jury Act of 1909.

4. *Same; Excusing Jurors; Authority of Court.*—For good cause shown the court may excuse jurors.

5. *Same; Objections.*—If defendant desired that a juror should serve notwithstanding he was excused by the court, his proper course is to object to the action of the court in requiring him to strike from the list of jurors not containing the name of such juror, and thereby raise the question of the correctness of the court's action in excusing such juror.

6. *Homicide; Evidence.*—Where defendant was at fault in provoking the difficulty at the time of the killing, evidence that some time before that happening the deceased had taken defendant's wife away from him and had threatened the life of defendant, was not admissible.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

George Ziniman was convicted of murder and he appeals. Affirmed.

RIDDLE & ELLIS, for appellant. The provisions of the jury law are mandatory, and the court may not strike from the venire the name of a juror on account of a clerical error in his name, against the objection of defendant.—*Edgar v. State,* 62 South. 800; Acts 1909, p. 305. The court should have permitted it to be shown that sometime before the difficulty deceased had taken defendant's wife away from him, and had threatened his life.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. There was no error in the court's ruling on the various motions touching the venire.—§ 29, Acts 1909, p. 305. The court properly excluded the evidence relative to acts sometime prior to the homicide.

SAYRE, J.—Several indictments charging capital felonies against various persons, including that against defendant in this case, were set for trial during the same week, and the same venire ordered for all of them. On the venire so ordered, and served upon defendant as the statute requires, was this name, "Bud M. Brshur," whose occupation was stated to be that of a farmer, and whose residence was stated as being at Dunnavant, B. 18. When this defendant's case came on for trial it was made to appear that in organizing the jury for a

case that had been previously tried during the week one Bud M. Brashier had responded to the name "Bud M. Brshur," the summons having been served on him, that on proof then made to the court that his name was Bud M. Brashier, and not "Bud M. Brshur," and that there was no "Bud M. Brshur" in beat 18, where Bud M. Brashier lived, the court had excused Brashier from further jury service during the week, and this without the knowledge or consent of defendant in this case or his counsel. Upon these facts, which were admitted, defendant predicated a motion to quash the venire and duly excepted to the court's action in overruling his motion.

Section 29 of the Jury Act (Acts Sp. Sess. 1909, pp. 305-320) provides: "It is hereby expressly declared to be the intent of the Legislature in the enactment of this law, to make the provisions hereof in the relation to the selection, drawing, summoning or impaneling of jurors directory merely and not mandatory." Nevertheless it is clear on inescapable grounds that some of the provisions of the act in respect to the selection, drawing, summoning, and impaneling juries are mandatory. The power of the Legislature to prescribe the interpretation of its own language cannot be doubted. But it has been often noted that interpretation clauses in statutes embarrass rather than assist the courts in their decisions (Endlich, Interp. of Stats. § 365), and that has been found to be the case with the act in question. When the Legislature in this act, along with its general prescription for interpretation, provided specific regulations, which must have been deemed essential to the proper conduct of trials by jury, and which, if they are to have any operation at all, must be made effectual according to the specific language of the act, it so provided that either such specific regulations must be accepted by the

courts as mandatory, or the statute as to them must be held to be insensible and of no effect. To illustrate: The act provides that the venire for the trial of a capital felony shall consist of not less than 50 nor more than 100 persons. It could not be held that the judge may fix the venire at any number he pleases less than 50 or more than 100. Or, again: The act provides that from the list of qualified jurors appearing for service the solicitor for the state and the defendant shall strike 1 and 2 names, respectively, and alternately until the list is reduced to a jury of 12. It would be without the power of the trial judge to substitute a different procedure. So this court, following the only course open to it, has held that part of the statute mandatory which requires that a list of the names of all jurors summoned for the trial shall be served upon the defendant.—*Edgar v. State* 183 Ala. 36, 62 South. 800.

Appellant relies upon the case just cited as authority for his proposition that the aforementioned ruling of the court was error. But section 29 of the act also provides that "no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors." This inhibition of the statute, like that other part of it to which we first referred, must be construed in connection with those other provisions which relate to the preparation of the venire, and which are nothing if not mandatory. There may be a number of contingencies, not involving fraud, in which this last named part of the section will operate to save the legality of a venire, and we think the case presented by this record is one of them. Here is the case of a venire in the preparation and general constitution of which the statute was in all respects observed. There was, however, a mistake, a clerical misprison, in the name of one of the jurors. Under our previous statute, mistakes of this

sort, where they resulted in the accused being required to select a jury from a venire in number different from that fixed by the court's order, required a quashal of the venire upon motion seasonably made.—*Darby v. State,* 92 Ala. 9, 9 South. 429; *Noel v. State,* 161 Ala. 25, 49 South. 824. The statute now of force provides, in more than one place, that a mistake in names shall not be a ground for quashing a venire, and there is no reason in the statute or elsewhere why its mandate should not be observed.

The court had authority to excuse jurors for good cause shown. If the defendant really desired that Brashier should serve on the jury, his proper course would have been to object to the court's action in submitting to him, and requiring him to strike from, a list of jurors which did not contain Brashier's name. In that way he would have raised the question whether the court had erred in excusing the juror on the ground which appears to have controlled that action, and would have given the court an opportunity to correct the error, if error there was.

There is no reason to doubt, even on the testimony of defendant himself, that on the occasion of the homicide defendant was at fault in provoking and not avoiding the difficulty. There was therefore no ground for the introduction of testimony going to show that long before deceased had taken defendant's wife away from him, and had threatened the life of defendant. These things did not, under the law, justify or excuse defendant's act.

Finding no error in the record, the judgment and sentence will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.