# Nail *v.* The State.

## *Murder.*

(Decided January 21, 1915.   67 South. 752.)

1. *Jury; Competency; Circumstantial Evidence.*—Under section 7279, Code 1907, a juror who stated on his voir dire examination that he would not convict on circumstantial evidence unless it was so strong as to remove all possible doubt of guilt, was subject to challenge by the state.

2. *Evidence; Circumstantial.*—Like positive evidence, circumstantial evidence need be only so strong as to convince beyond a reasonable doubt.

3. *Homicide; Evidence; Motive.*—Where there was evidence that while defendant and others were walking and drinking together, defendant had a difficulty with a companion and knocked him down with a pistol, and shoved him down a high embankment, and as he was falling shot at him several times, and that nothing more ·was heard of such companion and no one went to see about him, and that deceased after a while, said that he was going back to look for their companion, which he did, but without success and when he overtook defendant and others, defendant and his brother killed him without provocation or excuse, proof of the difficulty between defendant and the other man assaulted, and the character, violence and circumstances of this assault, and the apparent condition in which he was left, became admissible to show or as tending to show that defendant desired to conceal such assault by killing deceased, who knew of it, and hence, to show a motive for the killing.

4. *Same; Self-Defense.*—Facts which justify one in taking life must be such as not only impress defendant, but such as would impress the mind of a reasonable man, of danger of loss of life or of great bodily harm.

5. *Same.*—A charge asserting that if the jury believe defendant free from fault in bringing on the difficulty, and there was no reasonable mode of escape without increasing his danger, and the facts impressed him that he was in imminent danger of life or great bodily harm, and deceased said to him, I will kill you, and advanced on defendant with a knife in his hand, so as to create a belief of danger of life or great bodily harm, defendant had a right to shoot in self-defense, and the fact that he fired more than one shot did not deprive him of that right, singled out a part of the evidence, and was otherwise bad.

6. *Charge of Court; Reasonable Doubt.*—A charge asserting that if there is one single fact proven to the jury's satisfaction which is inconsistent with guilt, such fact raised a reasonable doubt and the jury should acquit, was properly refused.

7. *Same; Covered by Those Given.*—Requested charges which have been substantially covered by requested charges given may be refused without error.

[Nail v. The State.]

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Jesse Nail was convicted of murder in the second degree, and he appeals. Affirmed.

The facts sufficiently appear in the opinion.

The following charges were refused defendant:

(2) If there is one single fact proven to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit.

(32) If you believe from the evidence that defendant was free from fault in bringing on the difficulty, and there was no reasonable mode of escape without increasing his danger, and the facts impressed the defendant that he was in imminent danger of loss of life or great bodily harm, and deceased said to defendant, "I will kill you," and, advanced on defendant with a knife in his hand, and that the manner of deceased was such as to create in the mind of defendant, and did so create, that he was in danger of losing his life or receiving great bodily harm, then defendant had a right to shoot in self-defense even to taking the life of deceased, and the fact that he fired more than one shot did not deprive him of the right of self-defense.

PROSCH & PROSCH, for appellant. While proof of a former difficulty tends to show malice and is admissible for that purpose, neither the particulars, nor the merits of the difficulty can be inquired into.—*McNally v. State*, 74 Ala. 9; *Harrison v. State*, 78 Ala. 12; *Wise v. State*, 66 South. 128. Acts and declarations to be admissible must be substantially contemporaneous with the main facts, and so closely connected therewith as to illustrate them.—*Stallings v. State*, 38 South. 216; *Justice v. State*, 10 South. 667. Charge 25 should have

been given.—*Holmes v. State,* 14 South. 864. Charge 32 should have been given.—59 South. 573; 40 South. 144.

R. C. BRICKELL, Attorney General and W. L. MARTIN, Assistant Attorney General, for the State. Counsel discuss the errors insisted upon in brief of appellant, but without citation of authority in support of their contention that the ruling of the trial court was free from error.

THOMAS, J.—Section 7278 of the Code of 1907 provides that: "On the trial for any offense which may be punished capitally, or by imprisonment in the penitentiary, it is a good cause of challenge by the state that the person  *  *  *  thinks that a conviction should not be had on circumstantial evidence," etc.

The policy of the law, as thus declared, is to place positive and circumstantial evidence on the same basis of equality, so as to abolish all prejudice or discrimination against the latter, as a means or instrumentality for arriving at truth, in the process of judicial investigation of felonies against the state.—*Jackson v. State,* 74 Ala. 26.

The court committed no error, therefore, in sustaining, over the objection of defendant, the state's "challenge for cause" of the juror Montgomery, who, on his voir dire examination by the court, had stated that he would not convict on circumstantial evidence unless it was so strong as to be sufficient to remove all possible doubt of defendant's guilt. The law requires that circumstantial, like positive, evidence be strong enough to convince only beyond all reasonable doubt; consequently, the juror, having exacted, as a prerequisite to his joining in a finding of a verdict of guilty, a higher de-

gree of proof than the law deems necessary to a conviction, was disqualified and was properly challenged by the state for cause.—Code, § 7278; *O'Rear v. State,* 188 Ala. 5, 66 South. 81.

It appears from the evidence for the state that, on the night of the killing, the defendant (Jesse Nail), his brother (Fayette Nail), the deceased (Noah Wood), one Ambrose, and one Prince, were all walking together in returning from Brookside to Cardiff in Jefferson county; that they were all drinking;—that during the course of the journey the defendant, shortly before he killed the deceased (Noah Wood), had a difficulty with said Prince (one of his above-mentioned companions on the journey), in which he (defendant), not acting in self-defense, knocked said Prince down with his pistol, then shoved him down a high embankment, and, as he was falling down it, shot at him in the dark several times with his pistol; that nothing more was heard from Prince, but that he was left where he fell, and that none of the parties went down the embankment to see about him or to ascertain whether he was dead or alive, but they all proceeded on the journey for some distance, when deceased remarked that he was going back to hunt for Prince, which he did without avail; and that later, on overtaking his companions (comprising defendant, defendant's brother, and said Ambrose), he was killed by the defendant and defendant's brother without provocation, justification, or excuse. It was the theory of the state that defendant's act in killing deceased was prompted by a motive to silence him, and thereby to prevent any discloseure on his part of the alleged crime which defendant had committed in assaulting Prince, and which apparently had resulted fatally, though, as a matter of fact, as was afterwards learned, Prince was uninjured except to the extent of having been knocked

unconscious for a long time by the blow administered by defendant and the resultant fall down the embankment. If defendant believed, however, that he had committed a homicide in assaulting Prince, then, although he had not, such belief could furnish as strong an incentive on his part to suppress or conceal the crime as could the reality itself.

It is always competent for the state to prove facts which tend to show a motive for the commission of the offense charged; and this is true even though such facts show the commission of a previous crime, provided that crime is so connected by the evidence with the crime under investigation that it may be fairly inferred from such evidence that a desire to conceal such previous crime by destroying a person who had knowledge of it furnished the motive for doing the crime in question.— *Miller v. State,* 130 Ala. 13, 30 South. 379; 21 Cyc. 916-917; 12 Cyc. 410; *Gassenheimer v. State,* 52 Ala. 313, and cases cited in the report of this case in the annotated Alabama Reports; *Shorter v. State,* 63 Ala. 129; *Collier v. State,* 68 Ala. 500, 6 Mayf. Dig. 627; 1 Mayf. Dig. 646.

We are of opinion that the connecting facts and circumstances in this case, though weak, were sufficient to justify the court in permitting proof of the difficulty between defendant and Prince, the character, violence, and circumstances of the assault on Prince, and the apparent condition in which he was left as a result thereof.—Authorities supra; *Nordan v. State,* 143 Ala. 13, 39 South. 406.

Charge 2 requested by the defendant is identical with charge 1, which was condemned by our Supreme Court in the recent case of *McClain v. State,* 182 Ala. 67, 62 South. 241.

Charge 32 was properly refused as singling out and giving undue prominence to a part of the evidence. Be-

[Carroll v. The State.]

sides, the facts which would justify defendant in taking life must be such as not only impressed the defendant, but such as would impress the mind of a reasonable man, that defendant was in danger of losing his own life or suffering grievous bodily harm.

The other refused charges were amply covered by given charges.

We have discussed all questions urged in brief. As we find no error in the record, the judgment appealed from is affirmed.

Affirmed.