(77 South. 453)

CAIN v. STATE. (8 Div. 543.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

1. CRIMINAL LAW ⬷631(1)—SERVICE OF LIST OF JURORS.

Under Acts Sp. Sess. 1909, p. 319, § 32, as to summoning and service of list of jurors in a capital case, accused has the right to have the court make an order definitely fixing on its face

or by reference to the record the number of jurors constituting the venire for his trial, consisting of the names specially drawn by the court, and the regular jurors drawn and summoned for the week in which the trial is to occur, as originally fixed by the order of the court setting the day of trial; to have a copy thereof, together with a copy of the indictment, forthwith served upon him that he may have an opportunity to inquire into the fitness and qualifications of the persons from whom the jury is to be selected and to have an order of court directing the sheriff to specially summon all persons on the list, including those drawn and summoned as regular jurors for the week in which the case is to be tried.

**2. JURY** ☞116 — OBJECTIONS — NONCOMPLIANCE WITH STATUTE.

Acts Sp. Sess. 1909, p. 317, § 29, providing that no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jury, does not prevent accused from objecting to being put to trial without compliance with the statute, pointing out specifically in such objection the failure to comply with the statute, upon which the court need not quash the venire and discharge the persons summoned as jurors, but may, by order, compel compliance with the statute.

**3. JURY** ☞82(1) — OBJECTION TO JURY — STAY OF TRIAL.

Where accused in capital case objected to being put to trial because a list of jurors' names had not been served on him, the objection could have been met by staying the trial and passing the case to another day and causing a list to be served, the clear intent of the statute forbidding objection to any venire of jurors except for fraud in drawing or summoning the jury (Acts Sp. Sess. 1909, p. 317, § 29), being to avoid long delay in such trials resulting from quashing the venire and continuing the case, and yet afford accused ample opportunity to select an impartial jury for his trial.

**4. CRIMINAL LAW** ☞631(6)—SERVICE OF LIST OF JURORS.

Under Acts Sp. Sess. 1909, p. 319, § 32, as to service of list of jurors in capital case, a list was defective in omitting jurors originally drawn but excused by the court.

**5. HOMICIDE** ☞300(5)—INSTRUCTIONS—SELF-DEFENSE.

Requested charge on self-defense was properly refused where involved and misleading, assuming that circumstances were such as to impress a reasonable man that accused's sister, in defense of whom he claimed to have struck, was in imminent danger, and that accused honestly believed in such danger, and imposing on the jury the duty of finding the negative of such belief.

**6. HOMICIDE** ☞300(14) — INSTRUCTIONS — SELF-DEFENSE.

Requested charge on self-defense failing to define apparent imminent peril, and in assuming that accused honestly believed his sister, in defense of whom he claimed to have struck, was in imminent peril, and in putting upon the jury the duty of ascertaining that he "did not honestly entertain such belief," was erroneous.

**7. CRIMINAL LAW** ☞761(6)—INSTRUCTIONS—SELF-DEFENSE.

Requested charge on self-defense, assuming that accused's sister, in defense of whom he claimed to have struck, was in imminent danger of suffering grievous harm or death when accused interfered, and that accused interfered in her defense, was erroneous.

**8. HOMICIDE** ☞301 — INSTRUCTIONS — SELF-DEFENSE.

Requested charge on self-defense not hypothesizing that the "existing necessity" believed in by accused was a necessity for accused to strike in defense of his sister to save her from grievous harm or death was erroneous.

**9. HOMICIDE** ☞301 — INSTRUCTIONS — SELF-DEFENSE.

Where accused claimed to have struck in defense of his sister, who was in a fight, requested self-defense instruction, pretermitting consideration of evidence tending to show she entered into the fight willingly, was properly refused.

**10. HOMICIDE** ☞300(2) — INSTRUCTIONS — SELF-DEFENSE.

A requested self-defense instruction, beginning, "Before you can render a verdict against defendant, you must be reasonably from the evidence," was properly refused, as elliptical in omitting the word "satisfied."

**11. HOMICIDE** ☞301—INSTRUCTIONS—SELF-DEFENSE.

Requested self-defense instructions not hypothesizing that the circumstances were such as to justify a reasonable man in the belief that accused's sister, in defense of whom he claimed to have struck, was in imminent peril was properly refused.

**12. HOMICIDE** ☞301—INSTRUCTIONS—SELF-DEFENSE.

Where defendant claimed to have struck in defense of his sister, a requested charge that "A brother will not be held responsible, either civilly or criminally, if he acts in defense of his sister, if that sister is in a position of danger, either apparent or real," was faulty in pretermitting freedom from fault on the part of accused and his sister.

**13. CRIMINAL LAW** ☞782(9)—INSTRUCTIONS—DEGREE OF PROOF.

A requested special charge that "you must find defendant not guilty unless the evidence is such as to exclude to a marked certainty every supposition but that of his guilt" was properly refused.

**14. CRIMINAL LAW** ☞782(9) — INSTRUCTIONS—DEGREE OF PROOF.

A requested instruction, "The jury must have not only justifying reasons for a conclusion of guilt, not only must they be able to say upon reason that" accused "is guilty, but this conclusion must press upon the minds of the jury with such convincing clearness and force that they are unable to find in the whole evidence any substantial ruling for a contrary conclusion," was properly refused, as argumentative.

**15. CRIMINAL LAW** ☞789(2)—INSTRUCTIONS—REASONABLE DOUBT.

A requested charge that "a reasonable doubt is such a doubt as leaves your mind in view of all the evidence in a state of reasonable uncertainty as to the guilt of defendant" was properly refused as argumentative.

**16. CRIMINAL LAW** ☞829(1)—INSTRUCTIONS—SPECIAL CHARGE OTHERWISE COVERED.

Special charges covered by the oral charge were properly refused.

**17. CRIMINAL LAW** ☞789(18)—INSTRUCTIONS—REASONABLE DOUBT.

A requested charge that, "If you believe from the evidence in this case that there is one single fact proven to your satisfaction which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt and authorize an acquittal" was properly refused.

**18. HOMICIDE** ☞301—INSTRUCTIONS—SELF-DEFENSE.

In a murder trial, where accused claimed to have struck in defense of his sister, a requested charge, directing acquittal if she was free from fault in provoking the difficulty between herself and deceased, and had no reasonable mode of escape without increasing her real or apparent danger, and she was acting in self-defense, was.

properly refused as not defining what constitutes self-defense.

19. CRIMINAL LAW ⟨KEY⟩560 — REASONABLE DOUBT.

The jury should convict if satisfied of accused's guilt beyond a reasonable doubt, although the jury believe it is possible that he is not guilty.

20. HOMICIDE ⟨KEY⟩169(1)—EVIDENCE—INTOXICATION.

In a murder trial, where there was no evidence that deceased was intoxicated at the time of the difficulty, testimony that a witness had seen deceased drinking that day was prima facie irrelevant.

21. CRIMINAL LAW ⟨KEY⟩407(2)—ADMISSION.

That the sheriff told accused when he was arrested that he was charged with killing deceased was inadmissible, where accused replied that he did not kill her, since it is only where one charged with crime remains silent that it is construed as an admission against him.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Will Cain was convicted of murder, and appeals. Reversed and remanded.

The facts concerning the venire sufficiently appear. The following charges were refused to defendant:

(29) Before you can render a verdict in this case against defendant, you must be reasonably satisfied from the evidence that defendant used unnecessary force in repelling the assault or seeming assault upon his sister Lillie Cain, unless from the evidence you are reasonably satisfied that Lillie Cain provoked or brought on the difficulty between defendant and Lucy Garrett, or was not free from fault in provoking, or bringing on the difficulty, or that there was a reasonable mode of retreat to said Lillie Cain, from which she could have escaped without increasing her danger, and you are reasonably satisfied that the situation of Lillie Cain was not such at the time he cut or stabbed Lucy Garrett to impress upon the mind of a reasonable man that Lillie Cain was in danger of suffering grievous bodily harm or death at the hands of Lucy Garrett, and defendant did not honestly entertain such belief as to the situation of his sister Lillie Cain.

(35) Before you can render a verdict against defendant in this case, you must be reasonably from the evidence that Lillie Cain provoked or brought on the difficulty, or at least that she was not free from fault in provoking or bringing on the difficulty between her and Lucy Garrett, and that she was not in such real or apparent present, impending danger of death or grievous bodily harm that a reasonable person would not have honestly entertained a reasonable belief that she was in such real or apparent peril, and that there was a convenient or reasonable mode of escape for her from such present, impending peril whether the same was real or only apparent, without increasing such real or apparent peril, or you must be reasonably satisfied from all of the evidence that defendant himself provoked or brought on the difficulty between his sister and Lucy Garrett, or that defendant could have relieved his sister from her apparent or real peril by resort to some other means less harmful than stabbing or cutting Lucy Garrett.

(30) If you are reasonably satisfied from the evidence in this case that Lillie Cain was free from fault in provoking any difficulty between herself and Lucy Garrett, and if you are further satisfied reasonably from the evidence that Lillie Cain was in either apparent or real imminent danger of grievous bodily harm or death at the hands of Lucy Garrett, and you are further reasonably satisfied from the evidence that Lillie Cain had no reasonable mode of escape without increasing her real or apparent danger, then her brother, the defendant, had the right to cut or stab Lucy Garrett, and your verdict should be for defendant, unless you are further reasonably satisfied from the evidence that Will Cain could have avoided the peril, whether apparent or real, by resort to some measure less dangerous than cutting or stabbing Lucy Garrett, and unless you are reasonably satisfied from the evidence in the case that the apparent or real danger of Lillie Cain was not such as to reasonably impress upon the mind of a reasonable person that such danger was real or apparent, and Will Cain did not honestly entertain such belief.

(31) If Lillie Cain was free from all fault in bringing on the difficulty between her and Lucy Garrett, then she was under no duty to retreat unless you believe she could have retreated without increasing her danger, or with reasonable safety, and I further charge you that it is immaterial whether that danger was real or not, and Lillie Cain would be under no duty to retreat if she was free from fault in bringing on such difficulty.

(32) If Lillie Cain was free from fault in provoking or bringing on the difficulty between her and Lucy Garrett, and if there was a present, impending peril to her life or danger of great bodily harm to her, either real or apparent, as to create a bona fide belief of an existing necessity, and there was no convenient and reasonable mode of escape by retreat or declining the combat with safety, then defendant would have the right, and it was his duty, under the law, to cut or stab in defense of his sister Lillie Cain, to prevent the commission of a felony upon her, unless you are reasonably satisfied from the evidence in this case that defendant, Will Cain, provoked the difficulty, or could have saved his sister from such real or apparent danger by resort to measures less harsh.

(33) If defendant cut or stabbed under a bona fide belief that his sister's life was in danger, or that she was in danger of grievous bodily harm, and defendant had, under all the circumstances, reasonable cause to believe that his sister was in imminent danger of death or grievous bodily harm at the moment he cut or stabbed, then it would be immaterial whether such danger was real or not.

(34) If Lillie Cain was free from fault in bringing on the difficulty between her and Lucy Garrett, then she was under no duty to retreat unless you believe she could have retreated without increasing her danger, or with reasonable safety.

(36) If you are reasonably satisfied from all the evidence in this case that neither defendant nor his sister Lillie Cain did anything to provoke or bring on the difficulty between Lillie Cain and Lucy Garrett, and if you are also reasonably satisfied from a consideration of all the evidence in the case that at the time defendant cut or stabbed Lucy Garrett there was present, impending peril to the life of Lillie Cain, or said Lillie Cain was in danger of grievous bodily harm at the hands of Lucy Garrett, and if you are also reasonably satisfied that there was no mode of escape open to Lillie Cain without increasing her danger, and also that there was no reasonable mode by which defendant could have prevented such present, impending peril to his said sister, it is immaterial whether the danger was real or only so apparent as to create a bona fide belief in the mind of defendant of an existing necessity, except by stabbing or cutting Lucy Garrett, then your verdict should be for defendant.

Charges 37, 39, and 43 were but variations of charges 33 and 36.

(38) A brother will not be held responsible

either civilly or criminally, if he acts in defense of his sister, if that sister is in a position of danger, either apparent or real.

(40) You must find defendant not guilty unless the evidence is such as to exclude to a marked certainty every supposition but that of his guilt.

(41) A reasonable doubt is such a doubt as leaves your mind in view of all the evidence in a state of reasonable uncertainty as to the guilt of defendant.

(42) If you believe from the evidence in this case that there is one single fact proven to your satisfaction which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt and authorize an acquittal.

(6) The jury must have not only justifying reasons for a conclusion of guilt, not only must they be able to say upon reason that Will Cain is guilty, but this conclusion must press upon the minds of the jury with such convincing clearness and force that they are unable to find in the whole evidence any substantial ruling for a contrary conclusion.

(8) If, upon consideration of all the evidence, you have a reasonable doubt of Will Cain's guilt, arising out of any part of the testimony, you must find him not guilty.

(28) The fact that the grand jury of this county indicted Will Cain for the unlawful killing of Lucy Garrett, with malice aforethought, cannot be considered by you as tending to show either his guilt or innocence of the offense charged.

(44) If you believe Lillie Cain was free from fault in provoking the difficulty between herself and Lucy Garrett, and that she had no reasonable mode of escape without increasing her real or apparent danger, and that Lillie Cain was acting in self-defense, then you must find defendant not guilty.

The following charge was given for the state:

(1) If you are satisfied from the evidence beyond a reasonable doubt that Will Cain is guilty, it is your duty to convict him, although you believe it is possible that he is not guilty.

W. R. Walker, of Athens, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

PER CURIAM. [1] The statute provides: "Whenever any person or persons stand indicted for a capital felony, the court must on the first day of the term, or as soon as practicable thereafter, make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons including those drawn and summoned on the regular juries for the week set for the trial of the case, and shall then in open court draw from the jury box the number of names required with the regular jurors drawn and summoned for the week set for the trial to make the number named in the order, and shall cause an order to be issued to the sheriff to summon all persons therein named to appear in court on the day set for the trial of the defendant and must cause a list of the names of all the jurors summoned for the week in which the trial is set, and those drawn as provided in this section, together with a copy of the indictment, to be forthwith served on the defendant by the sheriff, and the defendant shall not be entitled to any other or further notice of the jurors summoned or drawn for his trial nor of the charge or indictment upon which he is to be tried." Acts Sp. Sess. 1909, p. 319, § 32.

This statute manifestly gives to one about to enter upon a trial for his life the right to have the court make an order definitely fixing on its face, or by reference to the record in the cause, the number of jurors constituting the venire for his trial, consisting of the names specially drawn by the court and the regular jurors drawn and summoned for the week in which the trial is to occur, as originally fixed by the order of the court setting the day of trial; to have a copy thereof, together with a copy of the indictment, forthwith served upon him, that he may have an opportunity to inquire into the fitness and qualifications of the persons from whom the jury for his trial is to be selected, and to have an order of court directing the sheriff to specially summon all persons on the list, including those drawn and summoned as regular jurors for the week in which the case is to be tried. These rights are recognized by the adjudged cases. Carmack v. State, 191 Ala. 1, 67 South. 989; Daniel v. State, 14 Ala. App. 63, 71 South. 79; Waldrop v. State, 185 Ala. 23, 64 South. 80; Tennison v. State, 188 Ala. 90, 66 South. 112; Harris v. State, 172 Ala. 413, 55 South. 609; Jackson v. State, 171 Ala. 38, 55 South. 118; Bailey v. State, 172 Ala. 418, 55 South. 601; Andrews v. State, 174 Ala. 11, 56 South. 998, Ann. Cas. 1914B, 760; Edgar v. State, 183 Ala. 36, 62 South. 800; Zininam v. State, 186 Ala. 12, 65 South. 56.

[2] While the statute provides that:

"The jurors selected, drawn, summoned and impaneled under the provisions of this act, whether at an earlier or later day than this act requires, must and shall in all respects be deemed legal, and to possess in full in every respect, power to perform all of the duties belonging to grand and petit jurors. And no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors" (Acts, supra, § 29)

—thereby limiting the approved practice of quashing the venire to the statutory grounds of fraud in drawing or summoning the jury (Zininam v. State, supra), this in no wise renders the provisions of the statute securing to the defendant the enumerated rights nugatory, nor does it leave the defendant without appropriate procedure to invoke the power and jurisdiction of the court to enforce these rights. This may be done, as was done in this case, by making an objection to being put to trial without compliance with the statute, pointing out to the court in such objection wherein there has been a failure to comply with the statute. Carmack v. State, supra; Tennison v. State, supra; Zininam v. State, supra. If such objection is well taken, it does not follow that the venire must be quashed, and the persons summoned as jurors discharged, but the objection can be met by an order of court compelling compliance with the statute.

[3] To illustrate: The defendant objected in this case to being put to trial because a list of the names of the jurors for his trial had not been served upon him. This objection could have been met by staying the trial and passing the case to another day, and causing a list to be served. The clear

intent and purpose of the statute is to avoid long delay in such trials resulting from quashing the venire and continuing the case, and yet afford the defendant ample opportunity to select an impartial jury for his trial. Daniel v. State, supra.

While the defendant's objection is designated "a plea in abatement," and was treated as such, on its face it purports to be nothing more nor less than an objection to being put to trial until the defendant was accorded the rights guaranteed to him by the statute. The manner in which the objection was treated by the prosecution justified the court in assuming that the facts stated therein were true, and that proof in support thereof was waived.

[4] So the question is, Was the objection tenable? It appears from the record that the original venire returned into court on the 24th day of March, 1917, contained the names of 60 persons 59 of whom had been summoned. From this number, the court in the manner provided by section 18 of the act drew the names of 18 persons, who were impaneled as grand jurors, leaving the names of 41 persons to serve as petit jurors. The court thereupon organized from the names remaining two juries, and drew 4 names for a third jury. To complete jury No. 3, the court drew from the jury box the names of 9 persons. and the clerk thereupon issued a venire, directing the sheriff to summon the said 9 persons to appear in court as jurors, all of whom were summoned. After completing jury No. 3 from the persons so drawn and summoned, the court made an order excusing from service 14 of the persons drawn and summoned. Thereafter, and on a subsequent day of the term, the court made an order setting the defendant's case for trial on the 30th day of March, and in the manner provided by statute drew from the jury box the names of 50 persons as special jurors for the defendant's trial and ordered:

"Which said jurors, together with the regular jurors drawn and summoned for this the first week of this term of court, shall constitute the venire from which to select a jury to try these defendants; it is further ordered that the sheriff be authorized and commanded forthwith to summon all persons above specified to be and appear in the said court on the 30th day of March, 1917, and also to serve forthwith on the defendant a copy of the list of jurors summoned for this week of this court, together with a copy of the list of special jurors this day drawn," etc.

The contention of the appellant is that the list served upon him did not contain the names of the 14 jurors excused by the court; that they were a part of the special venire for his trial, and that in failing to serve him with the list as required by the statute and the order of the court, he was deprived of one of the rights guaranteed to him by the statute. In other words, the order of the court entitled him to a list of 100 names from which to select the jury, and the list served only contained 86 names. It requires no argument to show that the 14 persons who were excused by the court were drawn and summoned as jurors for the week in which the defendant's case was set for trial, and are clearly within the terms of the order of the court and the statute. The defendant's objections were well taken, and should have been sustained.

The appellant's contention that some of the evidence offered by the state to prove the killing affords an inference that he struck in defense of his sister, who was being murderously assaulted by the deceased, under such circumstances as entitled her to invoke the doctrine of self-defense; that this evidence was properly admitted under the general issue, along with evidence offered by the defendant to show his absence from the place of the homicide at the time the deceased was stabbed; that the constitutional right of trial by jury guaranteed to him included the right to have the jury pass upon the entire evidence in the case, and that it was unfair to the defendant for the court to seize upon certain phases of the evidence showing that he was not present at the time the deceased was stabbed, to deny him the benefit of the evidence tending to show self-defense, and yet hold him responsible for the crime. In other words, that when the court accepts as true the defendant's statement that he was not present and did not strike the blow for one purpose, he is entitled to have this truth carried to the logical consequence, his acquittal. See Love v. State, 75 South. 189,[1] and Hornsby v. State, 94 Ala. 66, 10 South. 522. A decision of this question is not necessary to a disposition of this cause, for the reason that the special charges seeking to invoke the doctrine of self-defense were well refused for other reasons:

[5] Charge 29 is involved and misleading, and assumes that the circumstances were such as to impress a reasonable man that Lillie Cain was in imminent danger, and that the defendant entertained the honest belief of such danger, and imposed on the jury the duty of finding the negative of this proposition.

[6] Charge 30 is faulty, in failing to define what constitutes apparent imminent peril, and in assuming that Will Cain entertained the honest belief that his sister was in imminent peril, and put upon the jury the duty of ascertaining that he "did not honestly entertain such belief."

[7] Charge 31 assumes that Lillie Cain was in imminent danger of suffering grievous harm or death when the defendant interfered, and that the defendant interfered in defense of Lillie Cain.

[8] Charge 32 is faulty in not hypothesizing the "existing necessity" as a necessity for the defendant to strike in defense

[1] Ante, p. 44.

of his sister, to save her from grievous harm or death.

[9] Some of the tendencies of the evidence were that Lillie Cain entered into the fight willingly, and charge 34 pretermits a consideration of this fact. Turner v. State, 11 Ala. App. 8, 65 South. 719.

[10] Charge 35 is elliptical, in omitting the word "satisfied."

[11] Charges 33, 36, 37, 39, and 43 were properly refused for not hypothesizing that the circumstances were such as to justify a reasonable man in the belief that Lillie Cain was in imminent peril. Jones v. State, 76 Ala. 17; Matthews v. State, 192 Ala. 1, 68 South. 334; Reid v. State, 181 Ala. 14, 61 South. 324; Ragsdale v. State, 12 Ala. App. 1, 67 South. 783; Nail v. State, 12 Ala. App. 67, 67 South. 752; Thomas v. State, 13 Ala. App. 50, 69 South. 315; Bluett v. State, 151 Ala. 41, 44 South. 84; Bluitt v. State, 161 Ala. 14, 49 South. 854. These charges are faulty for pretermitting the consideration that Lillie Cain, entered into the fight willingly. Morris v. State, 146 Ala. 66, 41 South. 274; Turner v. State, supra.

[12] Charge 38 pretermits freedom from fault on the part of the defendant and his sister.

[13] Charge 40 has been condemned. Diamond v. State, 15 Ala. App. 33, 72 South. 558.

[14, 15] Charges 6 and 41 are argumentative. Cunningham v. State, 14 Ala. App. 1, 69 South. 982.

[16] Charges 8 and 28 were covered by the oral charge of the court.

[17] Charge 42 has been condemned. Ex parte Davis, 184 Ala. 26, 63 South. 1010.

[18] Charge 44 does not define what constitutes self-defense, and was properly refused. Morris v. State, 146 Ala. 66, 41 South. 274.

[19] Charge 1, given at the request of the state, asserts a correct proposition of law. Way v. State, 155 Ala. 52, 46 South. 273.

[20] In the absence of any evidence showing that the deceased was intoxicated at the time of the difficulty, the testimony sought to be elicited from the witness Lewis Scruggs that he had seen the deceased drinking that day was prima facie irrelevant. Killen v. State, ante, p. 31, 75 South. 177.

[21] The evidence shows that the witness did not remain silent when the sheriff stated to him that he was arrested for killing Lucy Garrett, and upon another trial the statement of the sheriff to the defendant, as well as the statement of the defendant to the effect that the sheriff told him when he was arrested that he was charged with killing Lucy Garrett, and that the defendant replied he did not kill her, should not be admitted. The denial of the charge by the defendant renders this statement inadmissible. It is only where one charged with crime remains silent that it is construed as an admission against him. Rowlan v. State, 14 Ala. App. 17, 70 South. 953.

For the error pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.