(89 South. 95)

**DEES et al. v. STATE.   (3 Div. 375.)***

(Court of Appeals of Alabama.   Feb. 8, 1921.
Rehearing Denied May 10, 1921.)

**I. Jury ⬅73I—Court properly presented correct jury list for striking, after discovering first list was incorrect.**

Under the mandatory provisions of Acts 1919, p. 1040, § 32, the trial court properly ordered a correct list of the jurors to be made, and to be stricken as required by law, after a list which, through inadvertence, contained the names of jurors not qualified had been submitted to counsel, and they had stricken therefrom enough names to reduce the number below the required number.

**2. Criminal law ⬅1166½(6)—Information as to what jurors defendant did not want does not show prejudice to defendant.**

The fact that the state had obtained information, by the striking of jurors' names from an incorrect list, of those jurors whom the defendants did not desire to have serve, does not prejudice defendants, so as to entitle them to reversal of a conviction by a jury subsequently selected from a new correct list, since

<hr>

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied 206 Ala. 699, 89 South. 923.

the defendant had the same information as to the state's desires, and especially since defendants refused the court's suggestion that they withdraw their last strike, so as to leave sufficient jurors on the first list.

**3. Homicide** ☞157(3)—*Evidence of details of previous altercation is inadmissible.*

In a prosecution for assault with intent to murder the husband of one defendant, where evidence that on a previous occasion the husband had beaten his wife unmercifully and threatened her life was admitted, it was proper for the court to refuse to admit the details of the former difficulty.

**4. Witnesses** ☞338—*Question as to character should be directed to general character.*

In a criminal prosecution, a question as to character, if proper, should be directed to general character.

**5. Criminal law** ☞829(1)—*Requested charges already covered are properly refused.*

In a criminal trial, it was not error to refuse charges requested by accused, which were substantially covered by a given written charge, or by the court's oral charge.

**6. Homicide** ☞300(3) — *Charge predicating self-defense on fear of some bodily harm was properly refused.*

In a prosecution for assault with intent to kill, a requested charge, predicating the right of self-defense on apprehension of "some bodily harm" was properly refused, since it should have been "great bodily harm."

**7. Criminal law** ☞789(2)—*Requested charge on reasonable doubt held properly refused, because not clear.*

In a prosecution for assault with intent to murder, a charge, requested by accused, that a reasonable doubt is one for which a reason could be given, "in probability of defendant's innocence is a just foundation for reasonable doubt," was properly refused, as being not sufficiently clear in its meaning.

Appeal from Circuit Court, Conecuh County; John B. Leigh, Judge.

Donnie May Dees and Tom Long were convicted of assault and assault with intent to murder, respectively, and they appeal. Affirmed.

The defendants were charged with assault with intent to murder one Manford Dees, the husband of one of the defendants. The following are the charges refused to the defendants, necessary to be set out:

10. If the jury find from the evidence that the conduct of Manford Dees was such as to reasonably lead Donnie May Dees to believe that Manford Dees was about to inflict some bodily harm upon her person, and the jury further finds that defendant was not at fault in bringing on the difficulty, and that the defendant, acting on such reasonable belief of great bodily harm, fired a pistol at said Manford Dees and wounded him, then the jury should acquit her.

11. A reasonable doubt has been defined to be a doubt for which a reason could be given; in probability of the defendant's innocence is a just foundation for reasonable doubt and therefore for her acquittal.

Hybart & Hare, of Monroeville, Powell & Hamilton, of Greenville, and Jennings D. Ratcliffe, of Monroeville, for appellant.

The court erred relative to his action to the jury. Acts 1919, p. 1040, § 32; 5 Ala. App. 178, 59 South. 333. The court erred in refusing to permit testimony as to the character of the witness J. C. Long. 111 Ala. 1, 20 South. 598; 167 Ala. 107, 52 South. 732; 153 Ala. 38, 45 South. 580; 4 Ala. App. 127, 59 South. 182. Charges 10 and 11 should have been given. 50 Ala. 108; 103 Ala. 33, 15 South. 662.

J. Q. Smith, Atty. Gen., Lamar Field, Asst. Atty. Gen., and Edwin C. Page, of Evergreen, for the State.

The court followed the correct common-sense method as prescribed by the acts. Acts 1919, p. 1040. The details of a former difficulty are never admissible. The question is the general character and not the character of the witness. 151 Ala. 335, 43 South. 884. Charges refused were substantially covered by the charges given. 202 Ala. 24, 79 South. 362. The other charges were improper and properly refused.

MERRITT, J. [1] It appears that by inadvertence the list of jurors furnished to the state and defendants from which to secure a jury in this case to try the defendants contained the names of others than "all the regular jurors inpaneled for the week, who are competent to try the defendant," in that it contained the names of two jurors who had been excused, and one whose name was improperly spelled, and that this error was not discovered until the number had been stricken, so that the remaining names constituted an insufficient number to legally comprise the jury. It was clearly the mandatory duty of the court to order, as was done in this case, that a correct list be made, and that the same be stricken as required by law. Section 32, p. 1040, Acts 1919, is mandatory, and, being such, no doubt prompted the trial court in pursuing the course it did.

[2] While we think no substantial injury was done the defendants by striking from such list, on account of the state having knowledge of the jurors it did not desire, this was equally true as to the defendant, who also had knowledge of those jurors undesired by the state. In the case of Sheppard v. State, 5 Ala. App. 178, 59 South. 333, which correctly decides that the provisions of said act are mandatory, it is further declared by Judge De Graffenried:

"Of course, if any juror is absent from the court or is sick, and for that or any other valid reason is not qualified to sit as a juror on the trial of a defendant, the name of such juror should be omitted from the list, and it is the duty of the court to require that his name shall not appear on the list."

The trial judge, under the facts in this case, appears to have acted, not only on the legal, but the fair and just, course in the matter, and in so doing there was no error. His request for both the state and the defendants to withdraw the last strike was indicative of such fairness, and the refusal of the defendants to do so, in the light of all the facts, conclusively shows to us, as stated above, that the defendants have not been deprived of any of their substantial rights in impaneling a jury to try them.

[3] The court properly refused to permit the defendant Donnie May Dees to go into the details of a former difficulty with her husband. That he beat her unmercifully and threatened her life was allowed, but further than this was not competent. Harkness v. State, 129 Ala. 71, 39 South. 73; Willingham v. State, 130 Ala. 35, 30 South. 429.

[4] There was no error in refusing to permit the witness to testify as to the character of J. C. Long. The question, if proper, should have been directed to his "general character." So. Ry. Co. v. Hobbs, 151 Ala. 335, 43 South. 844.

[5] Refused charges 1 and 5 were substantially covered by given written charge 3. Refused written charges 2 and 6 were substantially given in the court's oral charge. Acts 1915, p. 815. Hardley v. State, 202 Ala. 24, 79 South. 362.

[6] Charge 10 is bad, in that the word "some" is used, instead of "great," and for this reason was properly refused.

[7] Charge 11 is not sufficiently clear in its meaning, and was properly refused.

There is no motion for a new trial in the record.

We find no reversible error in the record, and the judgment of the trial court is affirmed.

Affirmed.