SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent here and below, was indicted for murder in the first degree and was convicted by a jury for murder in the second degree; punishment, life imprisonment.
The alleged offense was committed after the effective date of Act No. 213, General Acts, 1975, effective March 7, 1976. The indictment was statutory in form and did not involve a death sentence as punishment. Act No. 213, supra, appears at p. 282, Art. 5B, Recompiled Code, 1958, in 1975, Interim Supplement; Vols. 1 through 13.
The only contentions of reversible error, appearing in the argument of defendant’s counsel on this appeal, are addressed to the action of the trial court with respect to permitting five certain jurors to serve, and their inclusion in a panel for striking purposes. This was done over all appropriate objection on the part of defendant.
Defendant’s trial was set for the week beginning October 11, 1976, but was tried during the week of October 18,1976, particularly on Monday, October 18, 1976.
*531 It appears that at the end of the week beginning on October 11, 1976, all jurors except five, were excused from further service. The presiding judge asked the jurors, all of whom had been fully qualified as to competency and eligibility, if any of them would like to serve as jurors for the week of court beginning on October 18, 1976. Five of the jurors elected to serve and so informed the court. These five jurors were not excused, but were instructed to return for jury service on October 18, 1976. The other jurors were excused.
On Monday, October 18, 1976, the five jurors were included in the panel of eligible and competent jurors for that week. A total of forty-five jurors, which included the five returning jurors were empaneled and placed on the list from which twelve were selected by the statutory striking procedure. The question here presented is the eligibility of these five jurors for jury service that week.
Contention is that they were not drawn at random from the jury box when the forty jurors were drawn and that they were not eligible for jury service during the week of October 18, supra. In other words, the contention is that their eligibility for service expired at the end of the week beginning October 11, 1976.
We are not in accord with appellant’s contentions. We hold that their eligibility continued and that they were lawfully included in the panel of jurors- for the week of October 18, 1976.
Again, we note that the death penalty was not involved. Even if it were, under the laws applicable to Lee County, a special venire was not available to defendant. Act No. 345, Acts of 1973, Vol. 4, 1973 Cumulative Supplement, Par. # 125(114) p. 402. This Section abolishes special venires in Lee County. In capital cases a minimum of forty competent jurors obtained from the regular jurors in the court must appear on the list from which the parties strike.
There are many Sections of the 1940 Code (Chapters 3, 4, 5 and 6, T. 30) that control the drawing, summonsing, examining, challenging, selecting and empaneling jurors. Some of the provisions of Chapter 3, relating to drawing and summonsing juries, are mandatory and some are directory. T. 30, § 45; Ziniman v. State, 186 Ala. 9, 65 So. 56. We are not informed of any Code Section in this Chapter (3) that mandates the court to draw from the jury box the names of jurors to be used for a designated week, or that precludes the court from using jurors theretofore regularly drawn and meeting the eligibility requirements of law. We see no reason why such jurors may not be used if there has been no specific selection by the court. Here, there was no selection; only a general question propounded to ascertain who were willing to serve during the succeeding week.
The motion for a new trial on the ground that the names of the five jurors were unlawfully included, over defendant’s objection and challenge, in the panel of jurors listed for striking or acceptance, was properly overruled.
We note, however, that no objection was made to the venire on the grounds of fraud in drawing or summonsing the jurors. T. 30, § 46, Recompiled Code, 1958.
We repeat, the trial court did not err in denying defendant’s challenge of these five jurors, and in overruling the motion for a new trial. The judgment is affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.